GEORGE G. WALL & another *vs.* JOHN H. ROBINSON & others.

Suffolk.    March 4. — September 4, 1874.    WELLS & ENDICOTT, JJ., absent.

When labor is performed, or furnished, under an entire contract, in the erection or repair of several buildings, owned by the same person and situated on the same lot, a lien attaches upon the whole estate for the whole value of the labor performed, although the contract specifies separate amounts for the work to be done on each house.

PETITION to enforce a lien for work and labor under the St. of 1872, *c.* 318, § 1.    The respondents demurred to the petition, and at the hearing in the Superior Court, the demurrer was sustained, and the petitioners appealed to this court.    The facts of the case appear in the opinion of the court.

*W. S. & W. F. Slocum,* for the petitioners.

*J. R. Churchill,* (*A. Churchill* with him,) for the respondents.

MORTON, J.    The petition, as amended, alleges that the petitioners performed and furnished labor in the erection of buildings and structures, to wit, three dwelling-houses and one stable, upon a lot of land owned by the defendants, by virtue of a contract with one Barnard and with the consent of the owners of the lot. By the contract, as stated in the amendment, the petitioners were to do certain work specified, upon the houses and the stable, and were to be paid one hundred and forty dollars for each house and thirty dollars for the stable.    We cannot construe the petition as alleging that the work upon each building was furnished under a separate contract applicable to such building, but the fair construction is that the work was done upon all the buildings under one contract.    It is alleged to have been furnished "by virtue of a contract," embracing all the work.    The question is thus presented whether a mechanic who has performed and furnished labor upon several buildings situated upon one lot owned by the same person, under an entire contract, has a lien under our statutes.

In *Landers* v. *Dexter,* 106 Mass. 531, the petitioner claimed a lien upon twenty houses, treating the whole as one estate.    It appeared that a portion of his debt arose under a contract to perform labor on twelve of the houses, and another portion of it under an entirely independent contract to labor upon the other eight houses.    It was held that he had no lien which attached to the

whole estate. But the court did not decide whether a lien under either of his contracts attached to the twelve or the eight houses which were the subject of that contract. That question is now presented.

The statutes are designed to give to the mechanic who by his labor and skill enhances the value of an estate the security of a lien upon the estate to the extent he has thus added to its value. They provide that any person to whom a debt is due for labor performed or furnished in the erection, alteration or repair of any building or structure, by virtue of an agreement with, or by consent of the owner, shall have a lien upon such building or structure and upon the interest of the owner thereof in the lot of land on which the same is situated.

In the case at bar the petitioners have performed labor upon several buildings situated upon the same lot under an entire contract for an entire price. We think such a case is within the purpose of the statute and the intention of the legislature. The parties by their contract have connected the several buildings and treated them as one estate. Under the contract the labor performed upon each building creates a lien upon the whole lot and therefore upon all the other buildings.

Although it cannot be said with strict accuracy that the labor for which the lien attaches was all performed on each building affected by it, yet it was all performed on one estate ; and to deny the lien would defeat the spirit of the statute by a too literal adherence to its letter.

A similar question existed, though it was not argued, in *Whitford* v. *Newell*, 2 Allen, 424, where a lien for a debt due, under a contract for an entire price for labor upon a dwelling-house and barn, two separate buildings upon the same lot, was maintained, and enforced against the whole estate.

We are of opinion that when labor is performed or furnished under an entire contract, in the erection or repair of several buildings owned by the same person and situated upon the same lot, a lien attaches upon the whole estate for the whole value of the labor performed, if the other conditions of the statutes are fulfilled.

In the case at bar, therefore, if the proofs support the allegations, the petition may be maintained.    *Demurrer overruled.*