PETER C. V. WORTHLEY *vs.* BENJAMIN L. EMERSON & another.

Essex.   Nov. 4. — Dec. 31, 1874.   AMES & DEVENS, JJ., absent.

A payment made on an account current, in the absence of an appropriation by the parties, is to be applied to the earlier items of the account, although for some of these the creditor has a lien, and has none for others.

One who furnishes materials used in the construction of a block of houses situated on one lot, under an entire contract with the owner, has a lien under the Gen. Sts. c. 150, upon the whole estate for the value of the materials so furnished.

PETITION to enforce a lien under the Gen. Sts. *c.* 150, for labor performed and materials furnished in the construction of a block of five houses in Lawrence. The case was sent to a referee, the nature of whose award appears in the opinion.

*E. J. Sherman & J. Cleaveland,* for the petitioner.

*W. S. Knox,* for the respondents.

ENDICOTT, J.   The respondents contend that the petitioner is not entitled to a lien for the hitch-posts and fence stone in front of the block, because they are no part of the building or structure ; the posts being ten feet from the land on a public street, and the fence being no part of a building. The referee, after reciting their position and connection with the building, finds that they are both "integral parts of the said block of dwelling-houses." But it is not necessary to consider the question here raised, as upon other grounds the objection is not open to the respondents.

It appears from the accounts annexed to the award of the referee that the respondents, at different times before the filing of the certificate, paid to the petitioner the sum of $1375. No appropriation of these payments was made by the parties ; the law

therefore applies them to the earlier items of the account. *Crompton* v. *Pratt*, 105 Mass. 255. The charges for the posts and fence stone are among the first thirteen items of the account, which amount in the aggregate to $655, and are therefore paid; and whether a lien on the building would attach therefor cannot be raised by the respondents. *The A. R. Dunlap*, 1 Lowell, 350, 361.

The respondents also contend that the petitioner cannot enforce a lien for materials used in the construction of five houses, treating the whole as one structure. The case finds that the materials were furnished under an oral contract to provide the stone necessary for the erection and completion of a block of dwelling-houses, situated on one lot, belonging to the respondents. It was an entire contract, and a lien attaches upon the whole estate for the value of the materials so furnished. *Wall* v. *Robinson*, 115 Mass. 429. *Exceptions overruled.*