JAMES S. BATCHELDER *vs.* FREDERICK S. RAND & others.

Suffolk. Nov. 11, 1874. — Feb. 3, 1875. WELLS & DEVENS, JJ., absent.

Where labor is performed and materials furnished, under an entire contract for a round sum, in the construction of two houses situated upon one parcel of land, a lien attaches upon the whole estate, and the facts that the land was conveyed to the owner in separate lots, and so designated upon a plan, that one parcel was on one street and the other on another street, being contiguous in the rear, that the buildings were separate, one on each parcel, and that after the contract was made the different parcels were conveyed in mortgage to different persons, are immaterial.

A mechanic's lien under the Gen. Sts. *c.* 150, has priority over a mortgage executed after the making of the contract under which the lien is claimed.

The admission of an owner of land, as to the amount remaining due and unpaid under a building contract, is competent evidence in favor of a person seeking to enforce a mechanic's lien upon the land for the amount so remaining due.

PETITION under the Gen. Sts. *c.* 150, to enforce a lien for labor performed and materials furnished, in the construction of two houses. Trial in the Superior Court, before *Rockwell*, J., who, by the consent of the parties, before verdict, reported the case for the determination of this court, in substance, as follows :

It was agreed that the defendant Rand and one Henck acquired title to two lots of land, shown upon a plan of lots owned by the city of Boston, by separate deeds, one of which was a conveyance of lot A, on Sharon Street, and the other of lots ·D and E, on Harrison Avenue, bearing date December 12, 1871.

Henck and Rand made a written contract with the petitioner, on January 30, 1872, under which the petitioner performed the carpenter work, and furnished materials upon each of the two buildings erected upon the said lots of land, which buildings were not connected, but were entirely separate. The lots of land ad-·oined each other, as shown upon a plan, a copy of which is in the

margin.* No fences, or other visible boundaries upon the land, separated the lots when the contract was made. After the date of the contract, Henck conveyed his interest in both the lots to Rand. The lots were also separately conveyed in mortgage to the several mortgagees, who were made respondents and appeared in answer to this petition.

It was agreed that the lots of land and the mortgages are correctly described in the petition ; that the petitioner fulfilled the contract ; that the last work was performed on the house on lot A, September 14, 1872, and the last work was performed on the other house, on lots D and E, October 4, 1872. A portion of the work for which the petitioner claims a lien was for extra work, performed under an oral contract made after the written contract. A certificate duly executed was filed in the clerk's office of the city of Boston, November 2, 1872, and the houses and land were properly described therein.

The petitioner offered evidence to show that the balance due to him, for all the work done and materials furnished, for both houses, under both the written and oral contract, had been agreed upon by him and Rand, and amounted to $1049.50 ; also evidence that the extra work on the two houses was fifty-one and one half days' work, worth $3.50 per day, of which twenty-four and one half days' work was performed on the Harrison Avenue house, an account of which was kept by the witness. No other evidence was offered as to the amount of work done, or upon which house it was performed. The foregoing evidence was admitted, subject to the exception of the respondents.

The presiding judge, upon these facts, ruled that the petition could not be maintained for the balance aforesaid, or any parts thereof. If the ruling was correct, judgment is to be entered for the respondents; but if the petitioner is entitled to recover, the case is to stand for a new trial.

*D. C. Linscott*, for the petitioner.

*A. Russ*, (*H. L. Hazelton* with him,) for the respondents.

ENDICOTT, J.    It appears from the report that Rand and Henck, by separate deeds of even date, acquired title to two parcels of lands, one situate on Harrison Avenue, and one on Sharon Street, in Boston; the two parcels abutting upon each other and uniting in the rear. In their conveyances one parcel was designated as lot " A," Sharon Street, and the other as lots " D " and " E," Harrison Avenue, on a plan of lots owned by the city of Boston. No fences or visible boundaries separated the lots at the time of the conveyances or when the plaintiff made his contract, under which he seeks to enforce a lien.

Soon after these conveyances, the petitioner made a contract in writing with Rand and Henck to do all the carpenter work, and to furnish certain material, for a round sum, in the construction of two houses, belonging to them, to be erected or in process of erection on their land. These houses were separate from each other, one on that portion of the land conveyed as lot " A," and the other on that portion conveyed as lots " D " and " E." It is not denied that this contract was performed by the petitioner, and it was in evidence that a balance is due him under this contract; and also a balance for extra work done upon both houses under an oral agreement.

The case cannot be distinguished, so far as the claim under the contract is concerned, from *Wall* v. *Robinson*, 115 Mass. 429. That the land was conveyed in separate lots, or designated as separate lots on the plan of lots owned by the city of Boston, or that one parcel was on Sharon Street and the other on Harrison Avenue, being contiguous to each other in the rear, or that the buildings were separate, one standing on each parcel so conveyed, are facts not material, and do not affect the principle upon which *Wall* v. *Robinson* was decided. The whole constituted one parcel of land owned by the same parties, which they could divide as they pleased, and upon any portion of which they could erect

buildings. The contract was an entire contract to perform labor and furnish materials upon two houses situated on this parcel of land, and a lien attaches upon the whole estate for the value of the labor and material so furnished. The ruling on this point was therefore erroneous.

The mortgages appear to have been made subsequently to the contract and the commencement of the work under it, and the mortgagees take their title subject to the lien. *Dunklee* v. *Crane*, 103 Mass. 470.

The admission of Rand as to the amount still due under the contract and unpaid, was competent evidence and properly admitted.

In regard to the extra work, it does not appear from the report what the oral agreement was under which it was performed, or when it was made. These facts may be material, and as the case must stand for trial and the facts may more fully appear in evidence, we express no opinion on that point.

*Case to stand for trial.*