### JOHN FOSTER *vs.* RICHARD S. COX.

Suffolk.    April 4. — June 29, 1877.    AMES & LORD, JJ., absent.

Under the Gen. Sts. *c.* 150, § 1, no lien can be maintained for labor performed or furnished, under an entire contract, partly on the land described in a petition therefor, and partly on adjoining land.

PETITION, under the Gen. Sts. *c.* 150, to enforce a mechanic's lien for labor performed and furnished upon four dwelling-houses owned by the respondent, and situated in that part of Boston formerly Dorchester. Trial in the Superior Court, before *Bacon*, J., without a jury, who allowed a bill of exceptions in substance as follows:

On the evidence submitted, the judge found as a fact that the labor and services, for which the petitioner claimed his lien, were performed upon contiguous lots, numbered 3, 4, 5 and 6, upon

a plan produced, by virtue of a contract between the petitioner and the respondent, whereby the petitioner was to build, at certain fixed rates, cellars upon a certain number of lots, specified by the contract, and did build, under the contract, cellars upon the lots above named. The judge also found as a fact that the statement of the petitioner, filed pursuant to the Gen. Sts. c. 150, § 5, described the lots, numbered 3, 4, 5 and 6, as the property intended to be covered by the lien.

In the petition, the lien was claimed by the petitioner on the lots numbered 3 and 4 for a balance of account for labor performed on lots numbered 3, 4, 5 and 6.

The judge thereupon ruled that the petitioner could not maintain his lien in the manner claimed in his petition, and ordered judgment for the respondent. The petitioner alleged exceptions.

*J. F. Brown & M. H. Swett*, for the petitioner.

*J. D. Thomson*, for the respondent.

SOULE, J. The petitioner seeks to enforce a lien on the land described in his petition for labor performed in "building cellars" on that land, in part, and partly on the land adjoining. The whole labor was done under an entire contract, so that, if the respondent was the owner of all the land on which the petitioner labored, a lien might have been enforced on the whole, under a proper petition. *Wall* v. *Robinson*, 115 Mass. 429. *Worthley* v. *Emerson*, 116 Mass. 374.

There is nothing in the case presented, from which it can be ascertained what part of the balance of account due the petitioner arose from labor performed on the land described in the petition. It does not appear affirmatively, that the land not described in the petition, on which a part of the labor was done, was owned by the respondent. But whether he was the owner or not, no lien can be maintained on the land described, for labor performed on land not included in the petition, though it be contiguous to the parcel described. *Rathbun* v. *Hayford*, 5 Allen, 406. *Landers* v. *Dexter*, 106 Mass. 531. *Stevens* v. *Lincoln*, 114 Mass. 476. *Exceptions overruled.*