JAMES McGUINNESS *vs.* JOHN BOYLE & another.

Suffolk. Nov. 15, 1877. — Jan. 30, 1878. COLT & AMES, JJ., absent.

On a petition to enforce a mechanic's lien for labor performed and materials furnished in erecting a building, it appeared that the building was erected in such a manner that, while its foundation was on the land described in the petition, the part above it projected about an inch over the land of an adjoining owner. *Held,* that, no excuse or explanation being shown for so building it, the lien could not be maintained.

PETITION, under the Gen. Sts. *c.* 150, to enforce a mechanic's lien for $178 for labor performed and materials furnished in the construction of a building. Trial in the Superior Court, before *Bacon,* J., without a jury, who allowed the following bill of exceptions :

" There was evidence that the building was erected on an old foundation which was exactly on the line ; that, when the building was complete, the upper edge, being the outside edge of the weather or top board, which was nailed on the outside of the thin edge of the clapboard, was one inch over the foundation line, being the boundary line between the respondents and the adjoining owner ; that this weather board was seven eighths of an inch thick ; and the surveyor testified that there was a gradual slope from the boundary and foundation line to the top of the building. Two other witnesses testified that, judging by the

appearance of the upper part of the building, it leaned over the foundation line one inch. The division fence between the land described, on which the building stood, and the lot in the rear, was a bank wall of stone, on which a brick wall was built, which was the old foundation wall. The level of the land in the rear of the respondents' land was about four feet below the respondents' land, and was the back yard of the adjoining owner. The building was nine feet wide, by ten feet long and twelve feet high. The respondents introduced evidence tending to show that it would cost very nearly or quite as much to repair the slope over the adjoining land as to tear down the building and rebuild it. The petitioner introduced evidence tending to show that the sloping over could be repaired for $25.

" The judge found as matter of fact that the building projected over the line about an inch on the average, and that the slope was gradual from the division line; and ruled that, by reason of the fact so found and the further fact found that there was no evidence as to how much labor or material was furnished for that part of the building which projected over the line, the lien could not be enforced; and found for the respondents." The petitioner alleged exceptions.

*T. E. Barry*, for the petitioner.

*C. H. Hudson*, (*C. Abbott* with him,) for the respondents.

SOULE, J. It being found as a fact by the court below that the building erected by the petitioner projected over the line of the respondents' land and upon land of an adjoining proprietor, although the foundation furnished by the respondents was wholly on their land, and no excuse or explanation being shown by the petitioner for so erecting the structure that the respondents are apparently made continuous trespassers on their neighbor's close, we are of opinion that no lien for the labor and materials furnished in erecting the building can be maintained. The building is not wholly on the land described in the petition, which brings the case within the doctrine stated in *Stevens* v. *Lincoln*, 114 Mass. 476, and in *Foster* v. *Cox*, ante, 45.

*Exceptions overruled.*