WILLIAM P. RICE & another *vs.* NANTASKET COMPANY.

Plymouth.   Oct. 20. — 24, 1885.   FIELD & C. ALLEN, JJ., absent.

Under the Pub. Sts. *c.* 191, no lien can be maintained on several lots of land, for a general balance of an account due for labor performed, under an entire contract, partly on the land described in the petition, and partly on other land, owned by the same person.

PETITION, under the Pub. Sts. *c.* 191, to enforce a mechanic's lien. The case was submitted to the Superior Court, and, after judgment for the respondent, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*N. H. Pratt*, for the petitioners.

*A. Churchill & J. R. Churchill*, for the respondent.

GARDNER, J. It appears that land at Nantasket had been divided into lots, and a plan of the same made, called "Plan of Cottage Lots of North Commons at Nantasket Beach," which plan was recorded with Plymouth deeds. The petition and statement of the petitioners, required to be filed, described several of the lots upon which the liens are claimed by the numbers of the lots upon this plan, without other description. They both describe one lot as "two hundred and seventy-six (276), on

O Street," as a lot upon which one of the houses was built, and upon which the petitioners claim a lien. No building was in fact erected upon this lot, and no work was done upon it by the petitioners.

Upon lot No. 279 on O Street upon the plan, one of the eleven buildings was erected upon which the petitioners worked.

In like manner, the lot described in the petition and statement as " one hundred and ninety-six on Q Street " was not built upon, but a building was erected upon lots numbered 199 and 200 on the plan, upon which building the petitioners also worked. Neither of the lots numbered 279, 199, and 200 is described, mentioned, or referred to in the petition or statement.

None of the eleven houses were upon contiguous lots, and some of them were more than a mile distant from the others, with streets and other lands and owners between. The work (except the extra labor) was done under a contract made for laying the bricks and doing the plastering in the erection of eleven houses, and was to be performed upon any or all of said houses, as might be required. The extra labor was performed, under a general agreement, in the erection of the eleven houses. The petition and statement both set out a general balance of account, due for laying brick, plastering, and for the extra labor. No separate price was agreed upon, and no separate account was kept of the amount of labor upon the separate houses.

It may fairly be assumed, from the agreed statement of facts, that the respondent was the owner of lots numbered 279, 199, and 200, during the time the labor was performed by the petitioners upon the houses built on these lots,

The petitioners seek to enforce a lien on the several lots of land described in their petition and statement, for work done on some of said lots, and also upon other lots not described in their petition and statement, and not contiguous to any therein mentioned, for a general balance of an account due under an entire contract. This cannot be done. *Foster* v. *Cox,* 123 Mass. 45. *McGuinness* v. *Boyle,* 123 Mass. 570.

As this disposes of the case; it becomes unnecessary to consider whether the petitioners can enforce a lien upon eleven different buildings of the respondent, situated upon separate

and not contiguous lots of land, some more than a mile distant from the others, for a balance of an account upon an entire contract for work done thereon.

*Judgment for the respondent.*