GEORGE L. WESCOTT

*vs.*

DAVID A. BUNKER, and buildings and lot.

Hancock.    Opinion May 29, 1891.

| 83 | 499 |
| 85 | 338 |
| 83 | 499, |
| 98 | 541 |

*Lien.    Notice.    Sub-contractor.    Pleadings.    R. S., c. 91, § § 30-32.*

The statute relating to liens and their enforcement upon buildings makes no distinction between a contractor and a sub-contractor, as regards the "statement of the amount due with all just credits given."

Where a contractor agrees to furnish labor and materials under an entire contract for a specified sum, it is sufficient for the preservation of the lien under R. S., c. 91, § § 30-32, to file a statement of the amount due, without stating the items making up such amount. *Held,* accordingly, that it need not appear what part of the amount due is for labor as distinguished from the amount due for materials.

The underlying principle of a mechanic's lien is that of consent or contract. The lien acquired by attachment under R. S., c. 81, § 59, which requires certain specifications in order to create it, is wholly *in invitum.* The method of procedure in the one case is separate and independent from that of the other.

In a suit to enforce a lien for both labor and materials, it was objected that in the descriptive part of the plaintiff's certificate there was no allegation of materials furnished, (the amount thus alleged to be due being solely for labor done,) but the items in the formal statement of account, made and recorded as a part of the certificate, were for labor and materials furnished, and the account annexed to the writ was identical with that recorded. *Held;* that the objection should not be sustained.

*Ricker* v. *Joy,* 72 Maine, 106, affirmed.

ON EXCEPTIONS.

Action of assumpsit to enforce a lien claim. The plaintiff was a mason, and this action was brought to enforce his alleged lien claim against buildings and land. Mrs. M. J. Van Doren, the owner of the buildings and land, appeared in defense.

The verdict was for the plaintiff, that he had a lien as alleged in the sum of four hundred and sixty-six dollars and fifty-seven cents, and thereupon the principal defendant was defaulted for that amount.

After the evidence for the plaintiff was in, counsel for the defense claimed that the writ, declaration, and the thirty days' notice filed with town clerk were defective, and that under the testimony introduced, a valid lien judgment against the real

·estate could not be given. The court ruled otherwise and that such judgment could be given. To this ruling the defendant ·owner excepted.

The writ was dated December 31st, A. D., 1888.

The declaration is as follows : "In a plea of the case, for that the said defendant at said Eden, to wit, Ellsworth, on the day of the purchase of this writ, being indebted to the plaintiff in the sum of four hundred thirty-two dollars and eighty-two cents, according to the account annexed, then and there in consideration thereof, promised the plaintiff to pay him the same sum on demand.

"David A. Bunker, to George L. Wescott, Dr.

| | | |
|---|---:|---:|
| "To labor and materials furnished upon Whiting Cottage, from July 1, 1887, to and including October 10, 1888, | $4550 | 00 |
| "To extra plastering, . . . . . | 6 | 50 |
| "To putting in rollway to cellar, . . . | 50 | 00 |
| "To stone work under tower windows, . . | 65 | 00 |
| | $4671 | 50 |

| | | | | |
|---|---|---:|---:|---:|
| "Cr. | By order, . . | $1150 | 00 | |
| | "By cash, . . | 3088 | 68 | |
| | | $4238 | 68 | |
| | Balance due, | | $432 | 82" |

"Which account the plaintiff avers is for labor by him performed and materials by him furnished, in the erection of said building above described under a contract by him made with the said David A. Bunker, who is not the owner thereof, the last of which materials were furnished and the last of which labor was performed within ninety days before the purchase of this writ, and that within thirty days after he ceased to furnish said labor and to furnish said materials on said building, he filed in the office of the town clerk of said Eden, a true statement, subscribed and sworn to by him, of the amount due him, with all just credits given, together with a description of said property sufficiently accurate to identify it, and the name of the owners

so far as known to him; and this suit is brought to enforce the said plaintiff's lien for said labor and materials upon said house and land above described."

"Thirty Days' Notice.

"I, George L. Wescott, of Eden, in the County of Hancock, and State of Maine, certify on oath that the following is a true statement of the amount due me with all just credits given for labor done by contract with David A. Bunker, of said Eden, upon the dwelling-house, the owner of which is to me unknown, situated at Hull's Cove, in said Eden, upon the point known as 'Hull's Cove Point,' or Cape Levi, and at the junction of the roads leading around said Point, and upon the north and east sides of said roads, being the house with stone tower, known as the 'Whiting House.' Also upon the stable situated north-easterly in the woods beyond said house, to wit :" . . . .
[Items, same as in account annexed to writ.]  "For which I claim a lien on said buildings and land.

George L. Wescott."

"Subscribed and sworn to October 24, 1888, and filed October 25, 1888, in the office of the town clerk of Eden."

The owner of the building objected that the declaration did not contain any allegation of a claim for labor furnished, and that the descriptive statement of the thirty days' notice alleged no claim for materials furnished, it being for labor only.

The testimony of the plaintiff and defendant, Bunker, showed that twenty-five to thirty men were employed on the building by the plaintiff, who contracted with Bunker to do certain mason work for $4550.

*Hale and Hamlin,* for owner of building.

Revised Statutes, c. 91, provides for enforcement of mechanic's lien by attachment. Plaintiff cannot recover without amendment, and amendment will dissolve attachment. (1.) If work was on contract, such contract should have been declared upon. (2.) Plaintiff in his writ alleges only that matter is for "labor by him performed and materials by him furnished;" makes no claim for laborers by him hired and paid *i. e.* "labor furnished." The thirty days' notice contains no allegation that

matter therein was for "materials furnished,"—contains only an allegation for "labor done."—Query : does labor done refer to plaintiff, his employees or both? Or is it too indefinite?

Testimony discloses that plaintiff commenced work in August, 1887, and continued till October, 1888. He says he had men there all the time, often having as many as twenty-five or thirty employees, and was there once or twice a day at work looking after matters himself while he had men there. It is submitted that under writ, notice and this testimony he could not recover without amendment of his writ, (and especially as to labor furnished by him,) so that it should contain all necessary averments or allegations. Nor could he recover for materials furnished, at least, under the thirty days' notice. Specification, then, in writ would be entirely insufficient under R. S., c. 81, § 59. *Briggs* v. *Hodgdon*, 78 Maine, p. 518, and cases cited.

No date is attached to a single item. An itemized account in detail could have been readily given, as plaintiff kept time and other books. If there was a binding contract for price at a lump sum, plaintiff does not so declare. The way he declares misled others to suppose it was not so, but otherwise.

*W. P. Foster*, for plaintiff.

WHITEHOUSE, J. The defendant Bunker made a contract to build the "Whiting cottage" and stable appurtenant at Hull's Cove, in Eden, for $15,000 and orally sublet to the plaintiff the stone work and masonry for the sum of $4550. The plaintiff furnished labor and materials to complete his original undertaking, and also performed extra work at the request of the owner of the premises of the value of $121.50. The payments credited amounted to $4238.68, leaving a balance due of $432.82, and interest. The case shows that, under the instructions of the court, there was a finding by the jury that the plaintiff had a lien to secure payment of this balance of $466.57, on the buildings described for the labor and materials thus furnished in their erection. But it was contended in behalf of the owner, who appeared in defense, that this lien was dissolved by reason of the plaintiff's failure to observe the requirements

of the statute in his proceedings to preserve and enforce his lien, and hence that no valid judgment can be rendered against the real estate. The court ruled otherwise, and the defendant took exceptions.

It is provided by section 30, ch. 91, R. S., that "whoever performs labor or furnishes labor or materials in erecting, altering or repairing a house, building or appurtenances by virtue of a contract with or by consent of the owner, has a lien thereon, and on the land on which it stands," &c. By section 32 of the same chapter : "The lien mentioned in the preceding sections shall be dissolved unless the claimant within thirty days after he ceases to labor or furnish materials as aforesaid, files in the office of the clerk of the town in which such building is situated, a true statement of the amount due him with all just credits given," etc. It is further provided by section 33, that "no inaccuracy in such statement relating to said property, if the same can be reasonably recognized, or in stating the amount due for labor or materials, invalidates the proceedings unless it appears that the person making it wilfully claims more than his due."

Seeking to comply with these provisions the plaintiff duly filed the following statement of his account, alleging in the language of the statute that it was a "true statement of the amount due with all just credits given :"

"To labor and materials furnished upon Whiting Cottage from July 1, 1887, to and including October 10, 1888,

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | $4550 00 |
| To extra plastering, | . | . | . | . | . | 6 50 |
| To putting rollway to cellar, |  | . | . | . | | 50 00 |
| To stone work under tower windows, |  |  | . | . | | 65 00 |
|  |  |  |  |  |  | $4671 50 |
| Credit by order, | . | . | $1150 00 | | | |
| Credit by cash, | . | . | 3088 68 | | | |
|  |  |  | $4238 68 | | | |
| Balance due, |  |  |  | | | $432 82" |

The contract was an entirety. The plaintiff was to perform certain work for a round sum. His statement of the amount due him does not comprise a detailed and itemized account of the labor performed and materials furnished, but gives only the aggregate price of the undertaking as stipulated in the contract.

The plaintiff was a sub-contractor. His contract was not made with the owners of the real estate; and it is contended *in limine*, that in case of a sub-contractor, such a general statement of the amount of his claim is not sufficient to preserve the lien, but that a particular account of the transactions which are the foundation of it should be required.

It might be sufficient to observe upon this. point that the legislature has not seen fit to require such a specification of items.  The section of the statute quoted (Sec. 32,) is applicable to all claimants.  It makes no distinction between a contractor and a sub-contractor.  It is proper to be reminded that the office of the court is *jus dicere*, not *jus dare*; and it might well be deemed an assumption of legislative powers to impose on the sub-contractor a burden not required by the express terms of the statute.

But numerous adjudications may be found in other jurisdictions based upon statutes having a scope and purpose closely resembling our own, making a distinction between the case of an original contractor and a sub-contractor with respect to the degree of particularity required in filing the lien account, and holding that a sub-contractor is bound to set out the items of his claim for the information and protection of the owner and of purchasers and others who may become interested in the property subjected to the lien.  In Maryland, for instance, where the first attempt appears to have been made in this country to create a mechanic's lien on buildings it was held, in case of a sub-contractor, that the notice or claim of lien should be specific as to the labor performed and materials furnished, to prevent fraud and collusion between contractor and sub-contractor and to enable the owner to ascertain the correctness and reasonableness of the demand.  *Carson* v. *White*, 6 Gill, 17.  So also in Pennsylvania, the second state to enact

a lien law in favor of mechanics, when the claim filed under the act of 1845, was based on a special contract with the owner, the contractor was not required to set out the nature or kind of work done or the kind or amount of materials furnished, as provided in other cases under the act of 1836. But in *Lee* v. *Burke*, 66 Penn. 336, Sharswood, J., says : "The act of 1845, was intended to provide for the case of a special contract made by a mechanic with the owner for the erection of a building. The reason for requiring these particulars to be filed does not exist in the case of a special contract for a round sum of money. *Cessante ratione cessat et ipsa lex.* But it is entirely different when the contract of the mechanic, though it may be for a round sum is not with the owner, but with a contractor under him. The contractor cannot bind the building by any special contract for more than the materials furnished and the work done at their fair market price." And in *Gray* v. *Dick*, 97 Penn. 142, it was held that the statute of 1849, which allows the filing of a statement of the aggregate price of the work and materials where there is a contract for a stipulated sum, applies only to the original contractor notwithstanding its general terms. The Court says : "The sub-contractor is entitled to no more than the fair market value of the work done and the materials furnished on the credit of the building, and hence the owner should be informed by the claim filed as to the particulars of the claim that he may make the necessary inquiries to satisfy himself as to its justice as a lien on his property. The agreement between the contractor and sub-contractor is not the measure of the owner's responsibility ; his building is bound for no more than the value of the work done and the materials furnished by the sub-contractor." See also *Rude* v. *Mitchell*, 97 Mo. 365, and notes in American Law Review, Vol. 24, No. 5, page 857 ; Phillips on Mechanic's Liens, sections 349-352 ; 2 Jones on Liens, sections 416-467.

The several kinds of *privilegium* recognized and allowed by the provisions of the civil law evidently formed the ground-work of the more complete and beneficent systems which have gradually been adopted in the American States. See Domat's Civil Law, Strahan, sections 1742, 1744, and 1745. The

mechanic's lien on real property was entirely unknown to the English law. It is wholly a creature of statutes in derogation of the common law. But whether a given enactment shall receive a liberal construction as a remedial act or a strict interpretation, as one conferring a special privilege upon a favored class, must be determined by a consideration of the provisions and operations of the act in question.

The statute invoked by the plaintiff is a just and reasonable one. It seems designed to protect the rights of the land-owner as well as to afford security for the contractor and laborer. It must appear that the labor and materials were furnished either by virtue of a contract with or by consent of the owner of the property affected. If not furnished by a contract with the owner he may prevent the lien by giving written notice that he will not be responsible. These provisions are distinguishable from those in the other States named. Here, the sub-contractor and original contractor occupy essentially the same situation with respect to the owner, and the authorities are substantially uniform in holding that, in case of a contract with the owner to perform an entire contract for a specified sum, it is sufficient to file a statement of the amount due unless a specification of items is expressly required by statute. In such a case every source of information is equally open to contractor and owner, and it would ordinarily be utterly impracticable for a contractor who may be engaged in erecting several buildings at the same time to make an accurate apportionment of the contract price for each building between labor and materials, or between the different classes of labor and different kinds of materials. And it would ordinarily serve no useful purpose. Under our statute there is nothing in the situation of a sub-contractor requiring the application of a different rule. In *Ricker* v. *Joy*, 72 Maine, 106, the plaintiff filed a statement that there was one hundred and nineteen dollars and forty cents due him from the defendant for labor and materials which went into a house owned by a third person. This was held sufficient, and although the question of the relative obligations of the original contractor and sub-contractor to the owner was not discussed, it may be assumed that it was not overlooked by the court. The statute requires the claimant to file a true state-

ment of the amount due him with all just credits given. The true amount and not the items that make it up is the material thing to be done. *Sexton* v. *Weaver*, 141 Mass. 274. The plaintiff's statement of the amount due him filed in the office of the town clerk of Eden, October 5, 1888, is in this respect a sufficient compliance with section 32 of chapter 91, R. S.

The provisions of section 59, chapter 81, R. S., making certain specifications necessary to *create* a lien by attachment are entirely distinct from the requirements of the lien chapter respecting the statement of account necessary to *preserve* a lien already acquired. The operation of the one is radically different from that of the other. The underlying principle of the mechanic's lien is that of consent or contract. The process of acquiring a lien by attachment is wholly *in invitum*. They are separate and independent methods of procedure.

But it is further objected that, in the descriptive part of the plaintiff's certificate, there is no allegation of materials furnished; that the amount is alleged to be due solely for labor done. But the four items in the formal statement of the account, which was made and recorded as a part of the certificate, is for labor and materials furnished; and the account annexed to the writ is identical with that recorded. All parts of the certificate being considered together the statement is neither indefinite nor its meaning obscure. Trifling discrepancies between the different parts of the certificate are not to be regarded when the import of the whole is plain and obvious. It was not intended by the legislature that these statements should be strangled by technicalities. Section 33, ch. 91, R. S., *supra*; *Durling* v. *Gould and Manor Inn*, *ante*, p. 134.

When the labor and materials are furnished for several buildings on the same lot and under an entire contract for an entire price, the labor and materials furnished for each building create a lien upon the whole estate and, therefore, upon all the other buildings. *Wall* v. *Robinson*, 115 Mass. 429; *Worthley* v. *Emerson*, 116 Mass. 374; *Batchelder* v. *Rand*, 117 Mass. 176.

*Exceptions overruled.*

PETERS, C. J., LIBBEY, EMERY, FOSTER and HASKELL, JJ., concurred.