DENNIS C. COLLINS *vs.* CLARA E. PATCH & another.

Middlesex.    March 3, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Mechanic's Lien — Certificate — Description.*

Where the certificate of a petitioner to enforce a mechanic's lien described the lot as it was when the contract was made under which the lien arose, and as it was described in the petition, it was *held* that the conveyance of a portion of the premises after the making of the contract did not affect the lien.

PETITION, under the Pub. Sts. c. 191, to enforce a mechanic's lien, for labor performed and materials furnished in the construction of a house on a lot of land in Cambridge owned by the respondent. The petitioner's certificate recited that he " performed said labor and furnished said materials by virtue of contract with R. H. Collapy, who was rightfully acting for the owner."

At the trial in the Superior Court, without a jury, before *Aldrich,* J., the respondents requested the court to rule that the suit could not be maintained, because the certificate did not contain " a description of the property intended to be covered by the lien sufficiently accurate for identification," and that the same could not " be reasonably recognized from the description." The court refused so to rule, and directed that a decree be entered for the

petitioner; and the respondents alleged exceptions. The material facts appear in the opinion.

*G. W. Parke*, for the respondents.

*M. F. Farrell*, for the petitioner.

KNOWLTON, J.    The only question in this case is whether the certificate properly described the lot of land on which the lien is claimed.    When Collapy entered into the contract with the respondent Clara E. Patch, to build for her a double dwelling-house, she had contracted with another person to remove a barn to the rear portion of her lot and build it into a dwelling-house; and subsequently, when the petitioner made his contract with Collapy to furnish labor and materials in the erection of the double house, the barn had been placed on the rear of the lot, and the work of turning it into a dwelling-house was going on. Afterwards, the respondent Patch conveyed an undivided half of a portion of the lot, which did not include the part on which the barn stood, but did include that on which was the double house.

The petitioner's certificate described the lot as it was when the contract was made between him and Collapy, under which his lien arose, and as it is described in his petition.    Under the statute he has a lien on the building and the lot of land on which it stands.    As soon as his contract was made, he acquired a right to have a lien, not only on the building, but on the lot on which, by the terms of his contract, the building was to be erected. That was the whole of the lot on a part of which the barn stood. There had then been no division of it, and there was nothing to indicate that a division was contemplated, much less to show how a division would be made.    The right to a lien attached to every part of the lot, as well that on which the barn stood as that occupied by the double house.    Each of the buildings was attached to the realty, and the land and buildings went together as real estate.    In this case we have no occasion to consider questions in relation to apportionment between claimants of liens for work on different buildings on the same lot; but a lien for work on either of the buildings extended to the whole lot as it was when the contract was made, including everything which belonged to the real estate.    *Wall* v. *Robinson*, 115 Mass. 429.    *Batchelder* v. *Rand*, 117 Mass. 176.    *Quimby* v. *Durgin*, 148 Mass. 104.

The conveyance of a portion of the premises after the contract with the petitioner was made does not affect his lien. *Howard* v. *Robinson*, 5 Cush. 119. *Dunklee* v. *Crane*, 103 Mass. 470.

*Exceptions overruled.*