Barnett's Executrix v. Murray.

WILLIAM H. BARNETT'S EXECUTRIX, Respondent, v. WILLIAM J. MURRAY *et al.*, Defendants; WILLIAM J. MURRAY, Appellant.

St. Louis Court of Appeals, May 14, 1895.

**Mechanics' Lien:** EFFECT OF LIEN FILED AGAINST LOT ON WHICH ONLY PART OF IMPROVEMENT STANDS. A mechanic's lien filed against one lot only, when the improvement which it concerns stands partly on that lot and partly on another, can not be enforced in the absence of evidence showing what materials or work went into that part of the building which stands on the lot sought to be charged. And *quære* whether, even if such evidence were produced, the lien would not be wholly invalid and unavailing.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED.

*Willis H. Clark* for appellant.

*T. J. Rowe* for respondent.

BIGGS, J.—The defendant Hughes had the contract for the erection of a two-story brick building for his codefendant, Murray. Hughes let the contract for the brick work to the defendant Anderson, who in turn sublet the contract for furnishing the brick for the building to the deceased. The deceased furnished the brick, and, Anderson having failed to pay the entire contract price, he filed a mechanic's lien, in which the building is described as situated on lot 24, city block number 1892, fronting twenty-five feet on east side of Grand avenue in the city of St. Louis. The present action was instituted before a justice of the peace

against the contractors for the balance due for the brick, and to enforce the lien against the house and lot. The judgment before the justice was against the contractors for the amount claimed, but in favor of Murray as to the lien. From the judgment as to the lien the deceased appealed to the circuit court, where, on a trial *de novo* as to the enforcement of the lien, he recovered judgment. Murray in turn has appealed to this court, and assigns many reasons for the reversal of the judgment. Barnett has died since the appeal was taken, and his administratrix has been substituted as a party plaintiff.

In disposing of this appeal we need discuss but one question. The notice of the lien and the lien itself, as well as the complaint, describe the house as situated on lot 24 in city block number 1892, and the entry of the judgment enforcing the lien is likewise against lot 24, whereas the uncontradicted evidence is, and it is a fact which the respondent seems to concede, that the house is located partly on lot 24 and partly on the adjoining lot. Murray is the owner of both lots, but there was no attempt made to show, even if it had been possible, how many brick went into that portion of the building situated on lot 24. Murray asked the court to declare, as a matter of law, that the enforcement of the lien was thus limited, and that, if the jury could not ascertain from the evidence how many of the brick had been thus used, then the finding as to the lien would have to be for Murray. The instruction, which was in effect a demurrer to the evidence, ought to have been given. Even if that portion of the building which is situated on lot 24 could be treated as a separate structure and subject to the lien, Barnett entirely failed to make out a case for the reason stated,—that is, he did not attempt to show how many brick were used in constructing that portion of the house which is located on lot 24. In

reason, there could be no lien on that portion of the building for bricks furnished in constructing the portion on lot 23. *Stevens v. Lincoln*, 114 Mass. 476; Philips on Mechanics' Liens, sec. 378; *Foster v. Cox*, 123 Mass. 45.

Even though the evidence had shown the number of brick used in constructing the portion of the house on lot 24, an insuperable objection against the enforcement of the lien would still have remained. The greater portion of the account had been paid, and there is no way of apportioning the balance due between the different portions of the building. Again, the building is a single structure, and the right under any circumstances to enforce a mechanic's lien against a portion of such an improvement is not clear.

We think that the judgment of the circuit court enforcing the lien is wrong, and ought to be reversed. All the judges concur.