## WILLIAM J. HILL, Respondent, v. FRANK H. GRAY et al., Defendants; CARRIE PRICE et al., Appellants.

### St. Louis Court of Appeals, November 14, 1899.

1. **Mechanics' Liens:** SINGLE LIEN PAPER: SEPARATE ACCOUNTS. A party furnishing material and doing work under a contract for a partnership engaged in building houses may file a single lien paper, although he furnished material for and worked on four different houses, provided he embraces in such lien paper as many separate accounts, showing the material furnished and work done on each house.

2. ————: ————: LIEN MAY BE RELEASED IN PART. As separate liens, or a general lien may be filed, it follows, that the general lien may be enforced in part, or as an entirety, especially so, when lien paper contains separate statements.

3. ————: DESCRIPTION OF PROPERTY SUFFICIENT. Petition and lien paper accurately described lots whereon houses were built, gave number of block, number of houses and particularly number of appellant's house; petition sufficient.

4. ————: PARTY: ORIGINAL CONTRACTOR: TITLE IN MEMBERS OF FIRM. The contract by Hill with firm, although title to property in members thereof, would not make him a subcontractor. The title could not be held in any other way, as a partnership is not a legal entity.

Appeal from Circuit Court, City of St. Louis.—*Hon. Selden P. Spencer*, Judge.

AFFIRMED.

*J. R. Myers* for appellants.

(1) The court erred in admitting the mechanic's lien in evidence, because not "a just and true account of the demand due after all just credits had been given" (section 6709, R. S. 1889), as three of the houses and lots covered by the lien had been released. (2) The pleadings and evidence show that the grounds on which houses stand were owned by the Gray Bros., individually, and as such sold to the defendants; that the contract on which this suit was brought was made with F. H. Gray & Bro., a co-partnership—hence respondent was not the original contractor. (3) No separate description is contained in respondent's petition of appellants' house and lot. Section 6712, R. S. 1889. Respondent could not dismiss his cause of action against all the interested parties and release the two eastern houses and lots and the western house and lot, and have a lien against the remaining house and lot to secure the payment of less than one-fourth. Poppert & Son v. Wright, 52 Mo. App. 576.

*J. C. Maroney* for respondent.

(1) The mechanics' lien offered "a just and true account due respondent after all just credits had been allowed," when filed. R. S. 1889, sec. 6709; Miller v. White, 28 Mo. App. 639; Burrough v. White & O'Connor, 18 Mo. App. 229; Hayden v. Wulfing, 19 Mo. App. 3563; Hydraulic Press Brick Co. v. McTaggert, 76 Mo. App. 347; Mitchell Planing Mill Co. v. Allison, 138 Mo. 50. The including of the inspection items in the lien is not fatal. Edgar v. Salis-

bury, 17 Mo. 273. (2) The petition and lien paper both ·
contain a sufficient description of the property to be charged
with the lien. Oster v. Rabenau, 46 Mo. 595; Dewitt v.
Smith, 63 Mo. 263; Brodist v. James, 83 Mo. 313; Fairbank
Marsh & Co. v. Crescent Elevator Co., 52 Mo. App. 627.
(3) The release of part of the property covered by a lien
does not waive right to lien on the balance. Hall v. Sheehan,
69 N. Y. 618; Reilly v. Williams, 47 Minn. 590; 50 N. W.
Rep. 826; Carr v. Hooper, 48 Kan., 253; 29 Poe. 253; Lax
v. Peterson, 42 Minn. 214; 44 N. W. Rep. 3; Hydraulic
Press Brick Co. v. Neumeister, 15 Mo. App. 592.

BIGGS, J.—In April, 1897, the defendants, Frank H.
Gray and Louis P. Gray, were doing business under the firm
name of F. H. Gray & Bro. The business of the firm was
building houses for sale and speculating in real estate. They
owned 112 feet of ground fronting on the north line of Rus-
sell avenue in the city of St. Louis. At the time above men-
tioned they commenced the erection of four houses on the
land, which when completed were numbered respectively,
3827, 3829, 3831 and 3833. The houses were separate, but
were built on contiguous subdivisions of the city block. Gray
& Bro. contracted with plaintiff to furnish the material and
do all the plumbing work on the houses for the total sum of
$720, or $180 for each house. About the time the houses
were completed the Grays sold them to four different persons,
the defendant Carrie Price buying house numbered 3831.
The plaintiff complied with his contract, and the Grays having
failed to pay him, he filed a blanket or single lien upon all the
houses. In the lien paper he set forth in separate accounts the
work done and materials furnished for each house. Within
the time prescribed he brought suit to enforce the lien. He
made the Grays and the several purchasers defendants. Be-
fore the trial plaintiff compromised his lien claim with three
of the purchasers for $295, and he thereupon released three

houses from the lien and dismissed the action as to them. Mrs. Price declined to pay anything.  Upon the trial the plaintiff gave credit on the account for $295, the amount received by him as aforesaid, and the court sitting as a jury rendered judgment against the Grays for $425, the balance due on plaintiff's account, and enforced a lien on the house belonging to Mrs. Price for the value of the work done and materials furnished in the building thereof to wit, $174.90.  From that judgment Mrs. Price alone appealed.

The appellant asked the circuit court to instruct that under the law and evidence the lien could not be enforced against her house because the release of the other houses destroyed the lien as to all.  We have been unable to appreciate the force of the argument in support of this assignment. We held in Kick v. Doerste, 45 Mo. App. 134, that where work is done under one general contract on several buildings situated on contiguous lots, the mechanic or materialman could file either separate liens on each house or a single lien on all.  In the present case there was a single lien, but the lien paper contained separate statements of the work done and materials furnished for each building.  If separate liens could have been filed we can imagine no good reason for holding that the general lien should be enforced in its entirety or not at all, especially as the lien paper contained separate statements of the materials furnished and work done on each house.

The further contention that the finding and judgment of the court in establishing the lien against one house are variances from the lien and the allegations of the petition rests on the same argument and must likewise be overruled.  So the point that the plaintiff failed to file a just and true account is likewise untenable.  The account when filed was correct.  The fact that plaintiff subsequently accepted a part of his lien claim did not render the account as originally filed an unjust and untrue account.

As there was substantial evidence that the plaintiff filed his lien within six months after the plumbing was completed, we can not disturb the judgment on the ground that the lien was filed out of time.   On this point the plaintiff's evidence is not entirely satisfactory to us, but the trial judge, who had the witnesses before him, was satisfied with it, and we must affirm his finding.

The petition and lien accurately describe the lots upon which the houses were erected, that is, certain subdivisions of city block No. 4948, fronting 112 feet on the north line of Russell avenue, and giving the numbers of the houses.   The only particular description of the house belonging to appellant was its number.   That was sufficient to identify the house and the lot upon which it was erected.   The statute requires "a true description of the property, or so near as to identify the same."   In DeWitt v. Smith, 63 Mo. loc. cit. 265, the supreme court ruled that "if there appear enough in the description to enable a party, familiar with the locality, to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient"

It is contended that the plaintiff was a subcontractor, and that as his lien was not filed within four months after the final completion of the work there could be no enforcement of the lien.   The argument in support of this proceeds upon the idea that as the legal title to the lots was vested in Frank H. Gray and Louis P. Gray as individuals, and that as plaintiff's contract for doing the work was with the firm of F. H. Gray & Bro., this made the firm the original contractor and the plaintiff a subcontractor.   There is no merit whatever in this contention.   All of the evidence was to the effect that F. H. and Louis P. Gray composed the firm of F. H. Gray & Bro., and that the lots belonged to the partnership.   The fact that the legal title of the lots was vested in the members of the firm as individuals, has no legal significance.   The convey-

ance could not have been made in any other way, as a partnership is not a legal entity. 'A conveyance of real estate purchased by a partnership must be either to the individual members of the firm or some one of them, or to some person capable of taking for the firm.

Finding no error in the record, the judgment of the circuit court will be affirmed.

All concur.