W. F. COEN, et al., Appellants, v. C. O. HOFFMAN, et al., Respondents.

**Kansas City Court of Appeals, April 5, 1915.**

1. **MECHANICS LIEN: Several Buildings: Release of One.** Where several buildings are erected on contiguous lots, under one general contract, payments on the contractor's lien account credited to some of the buildings and releasing them, will not invalidate the balance of the lien against the other buildings.

2. ————: **Single Lien: Material: Particular Buildings.** Where a claim arises out of erecting several buildings on contiguous lots, under one general contract, a single lien may be filed therefor, without specifying that any particular material was furnished for any particular buildings.

3. ————: **Equities: Purchasers: Release.** Whether equities may arise in a mechanic's lien case growing out of the fact that a single lien is filed against several buildings built on contiguous lots and afterwards some of them sold and part of the buildings released from the lien is not decided.

Appeal from Jackson Circuit Court.—*Hon. Frank G. Johnson,* Judge.

REVERSED AND REMANDED.

*Watson, Gage & Watson* for appellants.

(1) The petition states all the facts sufficient to constitute a cause of action for the enforcement of a mechanic's lien. Sec. 8220, R. S. 1909; Heitzell v. Langford, 33 Mo. 396; Hill v. Price, 81 Mo. App. 456; Bradish v. James, 83 Mo. 313. (2) The pleadings in

this case show that the ground upon which the five houses were erected was owned by the defendant, Hoffman; that the lots and parts of lots were contiguous; and that the buildings were erected under one general contract; and that there was a certain amount due and unpaid, and that the lien was filed in due time; and it is alleged that the lien contained a true statement of the account and a true discription of the property. This was all that the law required to be stated. The mechanic's lien is not before the court, and, therefore, what it contains cannot be reviewed in this action, but the sufficiency of the mechanic's lien can only be raised when it is introduced in evidence. See case, Hill v. Price, supra.

*D. H. Cecil* and *B. N. Simpson* for respondents.

(1) Demurrer admits the facts, but not the conclusions of law. Blaine v. Knapp & Co., 140 Mo. 241. (2) Appellants having voluntarily severed their lien account and released the three houses, cannot now recover against the other two. Schulemberg v. Vrooman, 7 Mo. App. 133. (3) Especially so where rights of third parties have intervened. Kick v. Doeste, 45 Mo. App. 134.

ELLISON, P. J.—Plaintiff furnished building material to defendant Hoffman under one general contract for the erection of five separate buildings upon five contiguous lote in Kansas City, the account therefor amounting to $963.91, on which was paid $135.75, leaving a balance of $828.16. In due time plaintiff filed his lien paper for such balance. After filing this lien, or at least, after furnishing the material, the title to these tracts changed, Tutt becoming owner of one and Jennie Butler of another. Afterwards other payments, aggregrating $518.90 were made, leaving a final balance of $309.26. These payments purport to have

been made and applied on three of the buildings and tracts, thus leaving nothing credited on the two owned by Tutt and by Butler. Afterwards, in due time, this action was brought to enforce a lien against the latter two buildings and tracts for the final balance just referred to. All persons in interest were made parties, inculding Tutt and Butler, and they each filed a demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action.

The particular ground specified for the demurrer is that the lien was made invalid by dividing the payments made and crediting separate amounts on the other three buildings and releasing them. Otherwise the petition, we think, was sufficient in all respects; and we will therefore direct our attention to the specific point of the demurrer.

The statute (Sec. 8237, R. S. 1909) permits one single lien to be enforced against two or more separate buildings on contiguous lots, when such buildings are erected under one general contract. In such case the lien is a single claim existing against each building, or part, or all of them. There is no reason why the lien holder, so long as the property remains in the original ownership, may not accept from the latter a part payment and release a part of the buildings and retain his lien for the balance against the other buildings. [Carr v. Hooper, 48 Kan. 253; Merxell v. Greise, 1 Kan. App. 148; Wall v. Robinson, 115 Mass. 429; Batchelder v. Rand, 117 Mass. 176.] Under the statute above cited, an owner of contiguous lots or tracts of ground desiring to build several houses may let their construction to a contractor under one general contract and the latter may have one general lien. The statute does not require that he shall keep a separate account for each building, no more than he would be required to keep separate account of what material went into a particular part of a single building.

In Hill v. Price, 81 Mo. App. 456, the claim was made that a release of one building released all. But the St. Louis Court of Appeals was "unable to appreciate the force of such view."

Defendants cite us to Schulenburg v. Vrooman, 7 Mo. App. 133. That case does not affect the question since it was decided before the enactment of the statute referred to above.

Under the foregoing construction of the statute, the demurrers should not have been sustained.

In view of the fact that the ownership of parts of the property changed after the buildings were constructed, or were in course of construction, we do not decide that in circumstances, where the original owner retains title to a part, or even where the whole is sold to separate purchasers, each buying a part, that equities might not arise out of part payments. When real estate is subject to a mortgage and a part of it is sold, to different purchasers, there sometimes arises the question in equity between such purchasers, the owner and the mortgagee, to which conditions and circumstances under the mechanics lien law, may, or may not, be likened. But such considerations would come into the case, if they came at all, under an answer asking proper relief, and do not aid the demurrer in the present case.

The judgment is reversed and the cause is remanded. All concur.