## HALE & McCLURE v. JOHNSON & WIGGINS.

1. PRACTICE—*Objection to Pleadings.* Where objection to the form or sufficiency of a petition is taken for the first time in this court, if the petition state a cause of action, such objection will not be entertained.

2. ——— *Uncertainty of Record.* Where several statements in the record conflict, but the statement last in order appears to have been deliberately inserted, the court will hold that such last statement is the correct one.

3. MECHANICS' LIENS—BREACH OF CONTRACT—DAMAGES. Where in an action brought under the provisions of the Mechanics' Lien Act (Comp. L. 1862,) it is shown that a party having undertaken to perform a contract for the erection of a building, is prevented by the employer, and without his own default, from completing his contract, such party is entitled to recover a reasonable compensation for as much thereof as he has performed, in proportion to the price stipulated for the whole.

*Error from Davis District Court.*

THE defendants in error sued *Hale & McClure* for the value of certain work, labor and materials done and furnished in the construction of a stone building on Lots 19 and 20, Block 28, in Junction City. The petition set forth a contract between the parties, whereby it appears that said H. & McC. were to excavate for the foundation, and to "furnish and deliver on the ground, all the stone required in the construction of said building, as fast as required by said Johnson & Wiggins." It also appears from said contract, that said J. & W. were to furnish all other materials, "and to erect the stone-work of said building for the sum of $3.75 for each perch of stone so erected." The character and manner of the work to be done were set forth in minutest detail.

The plaintiffs alleged the performance of their contract, except so far as they were hindered and prevented by H. & McC.; alleged that said H. & McC. had violated their contract, in this, that they had required J. & W. to make many and expensive alterations and additions to the

work, not called for by the contract; that they failed to deliver the stone as fast as the same was required and needed, and to excavate the ground for the foundation. The petition states that by reason of these breaches by defendants, plaintiffs elected to abandon the work; and plaintiffs claim $829.75 as balance due on the contract for labor and materials, and the further sum of $600 as damages. Judgment was demanded for $1429.75, and that said lots 19 and 20 be sold to pay the said amount. The contract, statement of account, and statement for lien, are appended to the petition as exhibits.

The defendants admitted the contract, but denied the other averments of the petition. They alleged performance on their part; that J. & W. were incompetent and unskillful, and has abandoned the work without cause; that they, H. & McC., to secure the completion of the work had paid $250 more than it would cost under the contract, besides having overpaid the plaintiffs for the work done, $180.

On the trial, the contract was read in evidence; and the further testimony is thus stated in the record:

" Evidence· was given on the part of the plaintiffs tending to show that they did proceed to lay up and erect the stone walls of the building to be erected in said contract about five or six feet above the floor of the second story, but not to the height required by said contract; that they did discontinue and abandon further work on said building for the· cause and reason that said defendants did not furnish the necessary materials required and needed to further prosecute and finish the walls of said building, although notified and requested by said plaintiffs so to do.

" And the defendants offered testimony tending to show and prove that they did furnish at all times the necessary materials, and that the materials were on hand and ready to be put into the said walls, when plaintiffs abandoned the further prosecution of the work; and that said

plaintiffs voluntarily abandoned further work on said building, and refused to finish the walls of said building agreeable to said contract without any good cause or reason, and against the desire and wishes of said defendants.

" It was proven that, owing to the increased height from the ground, and the extra work to be done upon the windows and cornice, it was worth and cost much more per perch to build and lay up the walls of said building above the point where they were abandoned by plaintiffs, than that part of the walls, erected by plaintiffs; that the increased cost and expense to defendants in hiring the balance of the building erected amounted to over two hundred dollars above the amount the plaintiffs were to do the whole job for, and that said defendants had the balance of the work done as reasonably and cheap as it could be done according to the contract between said plaintiffs and defendants."

The defendants asked the court to give three certain instructions, respecting which the record in one place says, " all of which instructions were *refused*, to which defendants excepted." And further on, the record says, " the first instruction *refused;* the second and third *given.*" The *first* of these instructions is copied in the opinion of the court.* The court below gave a general instruction, to which defendants excepted, and which is also set out in the opinion.

The jury found for the plaintiffs, J. & W., and assessed their damages at $301.57. Motion for new trial overruled, and judgment upon the verdict. The defendants bring the case here for review.

*J. M. McClure*, for plaintiffs in error:

1. The petition is defective. It contains two counts, one for value of services, and one for damages for breach

---

[* THE court does not say whether the second and third instructions were right, or wrong. But being given at defendants' instance they cannot complain, even if they were erroneous, and hence they are omitted.— REPORTER.]

of special contract—both being in fact for the same cause of action. This is not allowable. Swan's Pl., 55; 8 Ohio St., 215; *Nash v. McCauley*, 9 Abbott, 159.

The measure of damages under these separate counts is very different; Sedg. on Dam., 223; 12 Ohio St., 36; 4 Conn., 338; and hence plaintiff must elect on which he will stand.

2. The court erred in charging the jury that J. & W. were entitled to all damages which they sustained by breach of the contract. On the first or *quantum meruit* count, they were entitled to no damages; on the second they could recover in any event only the actual value of the work, and profits which they would have made, if any, by completing the building. The court should have specifically defined the extent of damages which could have been recovered. Sedg. Dam., 201, 202, 203; 1 Penn. St., (Barr,) 191.

But in this case plaintiffs elected to consider the contract rescinded, and abandoned the work; and they cannot recover profits on the unexecuted work. 2 Kent Com., 509, n. 2; 4 Comstock, 338; 13 Mich., 42.

3. The work performed by plaintiffs was worth less per perch than the unfinished part would cost. Under the charge the plaintiffs were allowed to recover more than the value of their services, and damages in addition. The rule that the contract furnishes the measure of damages, is subject to the other rule, that compensation only is to be given for actual loss. Sedg. Dam., 219; 3 Ind., 107.

*J. H. Gilpatrick* and *A. H. Case*, for defendants in error:

1. There is no error in the refusal of the court to charge the jury as requested. The first charge asked is incorrect. The value of the work performed was to be

ascertained from the contract, and not from the cost of completing the remainder.

2. The instruction given by the court was correct. It is the contract-price which governs. 2 Fairf., 346; 14 Maine, 472; 8 Porter, 253; 18 Johns., 169.

Plaintiffs were also entitled to damages over and above the contract-price, if they abandoned the work by reason of defendants' default.

The opinion of the court was delivered by

SAFFORD, J.: A considerable portion of the argument in this case, has been directed to the consideration of questions relating to some of the pleadings which were filed therein, in the court below. They do 1. PRACTICE. Objection to pleading, when to be not appear to have been raised in any manner made. during the progress of the cause, until it reached this court, but have been presented for the first time here. Such being the case, and it being clear that the petition—which is the pleading objected to—stated a good cause of action, and no point being made as to the jurisdiction of the court, we are not required, under the rules which govern in such cases, to enter upon a discussion of, or to decide as to the sufficiency or propriety of such petition in other respects.

II. Our attention has also been called to certain instructions, which it is alleged were asked to be given to the jury on the part of the plaintiffs in error, and 2. Rule, where record is contradictory. refused by the court. We refer to numbers two and three as they appear in the record. The bill of exceptions is conflicting as to whether they were so refused or not. In one place it states that they were *refused;* while in another, and where it seems that an amendment was made to the bill by the judge himself,

and just before his signature, the statement is distinctly made, that the two instructions referred to were *given.* Under these circumstances, we shall regard the latter statement as the correct one; and hence it will not devolve upon us to further notice this part of the case.

III. But objection is made with respect to the action of the court in refusing to give the instruction which is designated as number one in the record, and

3. CONTRACT; breach of—damages under lien law.

also, in giving a certain other instruction which was included in the general charge; both of which are set out in the record, and are as follows:

No. 1. " Under the written contract Johnson & Wiggins were to receive $3.75 per perch for performing the whole of the stone work. As they only finished a part of the work, the value of the part they did perform, can be ascertained by the cost of completing the remainder of the building."

General charge: " If the jury believe that when Johnson and Wiggins abandoned the work, they did so in consequence of Hale and McClure's not furnishing material as required by Johnson and Wiggins, then plaintiffs, would be entitled to recover $3.75 per perch actually erected, and for such damages as may have been proven that Johnson and Wiggins suffered in consequence of the failure of Hale and McClure to comply with their part of the contract."

We are of the opinion that the court was right in refusing the first of these instructions. It is no doubt true, that the rule which it is quite plain was intended to be expressed therein, or at least one similar in principle, might be found to apply in some measure to a case substantially like the one stated in the pleadings in this record; but if so applicable, it would be necessary that it should be couched in such terms as would not be calculated to mislead the jury, when they should come to pass

upon the evidence in the light of such rule. Such was not the case here. The instruction as it stands—and especially when considered in connection with some of the facts which are stated to have been proven, is eminently unfair in the criterion it furnishes by which to estimate the value of that portion of the work which was performed by the plaintiff. The term or expression " cost of completing," etc., is used in an unrestricted sense, and under the evidence might have been held by the jury to include whatever the defendants below might have shown they had paid, or had seen fit to agree to pay, for the completion of the work, even to an amount much greater than the actual and reasonable value thereof. It hardly needs to be said, that the giving of an instruction which would have permitted the jury to go to the extent indicated, would have been improper.

As to the last instruction above set out, we think it was wrong, and for the reason that it is not in conformity with the rule laid down in the statute by which to estimate the amount which a party in a case of this kind is entitled to recover. This was an action brought under the provisions of the Mechanics' Lien Act, ch. 137, Comp. L. 1862. Section 11 of said act provides as follows:

" Sec. 11.–When the owner of the land shall have failed to perform his part of the contract, and by reason thereof the other party shall, without his own default, have been prevented from performing his part, he shall be entitled to a reasonable compensation for as much thereof as he has performed in proportion to the price stipulated for the whole; and the court shall adjust his claim accordingly."

The difference between the rule here established and that expressed in the instruction given is apparent at a glance, and needs not to be enlarged upon. For the

error of the court below in giving this instruction the judgment must be reversed, and the cause sent back for a new trial.

VALENTINE, J., concurring.