NELLIE J. T. ORR *vs.* HERBERT A. FULLER & others.

Suffolk.   November 16, 1898. — March 2, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Mechanic's Lien — " Lot " of Land — Statute — Effect of Breach of Contract by Owner — Damages.*

That the work was done and the materials were furnished in the erection of several houses under one contract with the owner of a tract of land, which has no visible divisions, warrants a finding, if not a ruling, that the whole tract is one lot, and that there is a mechanics' lien, under Pub. Sts. c. 191, § 1, upon the whole of it for the whole sum due.

When a contract for furnishing work and materials in the erection of a building is broken by the owner of the land, it is error, under Pub. Sts. c. 191, § 23, to allow the jury, at the trial of a petition to enforce a mechanics' lien, to find the fair value of the work and materials, if it exceeds the contract price less the work not done.

PETITION, against Herbert A. Fuller, Will S. Fuller, and Granville A. Fuller, to enforce a mechanic's lien under Pub. Sts. c. 191, for labor performed and materials furnished in the erection of nine dwelling-houses upon land in that part of Boston called Allston, by virtue of an oral contract with the respondent Herbert A. Fuller, on November 18 or 19, 1895. Annexed to the petition was an account upon a *quantum meruit.* Trial in the Superior Court, before *Braley,* J., who allowed a bill of exceptions, in substance as follows.

The contract under which the lien was sought to be enforced was as follows. The petitioner agreed to do the plumbing for eight houses, according to plans and specifications, for $2,750, and further agreed, as a part of the same contract, to do the plumbing at the same *pro rata* price on a ninth house which the respondent Herbert A. Fuller expected to build on another

lot of land, which he purchased subsequently, the whole contract price amounting to $3,097.50.

The nine houses were built respectively upon the nine lots shown on a plan hereinafter mentioned.

At the time the contract was made, the legal and record title to a part of the land was in the respondent Will S. Fuller, but the ownership and equitable title of all the land in his name was in the respondent Herbert A. Fuller, who made the contract with the petitioner, and it was admitted that, for the purposes of the case, Herbert A. Fuller was the real owner of all the land.

The petitioner began to furnish labor and materials for plumbing the houses on or about November 25, 1895, and ceased to furnish labor and materials for the same on March 12, 1896.

The petitioner fully performed all the stipulations of her contract until the same was broken and annulled by Herbert A. Fuller early in March, 1896, and also furnished labor and materials on the houses of the value of $199.97, which were extras not called for by the contract, and in addition thereto. The petitioner contended that she was entitled to maintain a lien for the amount of the *quantum meruit* account annexed to her petition.

The tract of land upon which the lien was sought to be enforced was situated at the corner of Aldie and Everett Streets. At the time of the making of the contract, the land was not enclosed, with the exception of a fence on the rear of the same parallel to Aldie Street, and several houses were in process of construction upon the different lots shown on two plans recorded on July 22 and November 4, 1895, respectively, and there was nothing else on the land to show the division into lots. The petitioner never saw the land until after the contract was made.

At the time of the making of the contract, several deeds and mortgages of the whole tract of land, and of several of the individual lots, as shown upon and according to the plans, had been made and duly recorded ; and other conveyances and mortgages of all the different lots of land, as shown on the second plan, were made to different persons at different times between November 20, 1895, and March 12, 1896.

All of the premises described in the petition and shown on the second plan, except one lot for a valuable consideration, were conveyed to the respondent Granville A. Fuller, the father of the other respondents, by deed dated May 22, 1896, and duly recorded on June 1, 1896.

No separate account was kept by the petitioner of the labor performed on or the material furnished for each of the houses as distinct from the others, and the petitioner was unable to state what labor was performed or material furnished on any particular house.

At the time the petitioner ceased working under her contract, four only of the houses were completed, and the other five were in different stages of partial completion. The evidence showed that the cost of doing the work left unfinished by the petitioner, but called for by the contract, would be $400. The respondent paid the petitioner $1,300 on account.

During the progress of the work, on or about January 15, 1896, the petitioner's husband, who had charge of her affairs, went to the registry of deeds and personally examined certain mortgages that Herbert A. Fuller had given on several of the lots.

Against the objection of the respondents, the judge permitted the petitioner, in support of her *quantum meruit* account, to show the fair value of the work and materials that she had performed and furnished on all of the houses taken together at the time she ceased work thereon, namely, in March, 1896, ruling that she was not bound or limited by the contract price.

The respondents requested the judge to rule as follows:

"1. The petitioner, on all the evidence in the case, is not entitled to maintain a lien against the whole or any part of the property described in her statement or petition.

"2. If the jury find that Herbert A. Fuller made a contract with the petitioner, then the petitioner is limited by the contract price, and in no aspect of the case can she have a lien upon the property for more than the difference between said contract price and the amount of credits that should be applied to said contract, adding to said credits the fair market value of finishing the work according to the contract.

"3. In a mechanic's lien case, the petitioner can in no event recover more than the contract price.

" 4. If the jury find that these houses were built on separate lots of land, a plan of which had been recorded in the registry of deeds and on some of which mortgages had been made before the date of the contract in this case, and if the petitioner is also unable to tell just how much labor and material were furnished on each of these distinct houses, she cannot maintain a lien upon any of the houses for any amount."

The judge declined to rule as requested, and, among other things, instructed the jury as follows :

" If Herbert A. Fuller broke and annulled this contract, then he cannot rely upon it as against the petitioner's claim, when the petitioner's claim for work and materials amounts to more than the sum for the entire contract, that is, amounts to more than $3,097.50. . . .

" And I further instruct you that in this case, by reason of the annulling and breaking of the contract by Herbert A. Fuller, the petitioner, if entitled to recover at all, is entitled to recover the fair value of the work and materials, even though that sum exceeded $3,097.50, from which fair value of labor and materials is to be deducted all just credits which ought to be given."

The jury answered issues submitted to them as follows:

" 1. *Q.* What is the amount of the debt due the petitioner with all just credits given ?  *A.* $2,017.30. — 2. *Q.* Are the premises described in the petition subject to a lien for the debt due the petitioner ?  *A.* Yes."

The jury stated, in response to a question from the judge, that the above sum of $2,017.30 was composed of $1,831.42 principal, and $185.88 interest.

The respondents alleged exceptions.

*F. Burke*, for the respondents.

*E. R. Thayer*, for the petitioner.

HOLMES, J. The facts that the work was done and the materials were furnished under one contract with the owner of the whole tract, coupled with the absence of any visible divisions, warranted a finding, if not a ruling, that the whole tract was one lot, and that there was a lien upon the whole of it for the whole sum due, under Pub. Sts. c. 191, § 1. *Batchelder* v. *Rand*, 117 Mass. 176. See also *Lincoln* v. *Commonwealth*, 164

Mass. 368, 379; *Wellington* v. *Boston & Maine Railroad*, 164 Mass. 380, 381.

The contract was broken by the owner of the land, and the jury on that ground were allowed to find the fair value of the work and materials, even though it should exceed the contract price less the work not done, as they found that it did. We are of opinion that this was contrary to Pub. Sts. c. 191, § 23, which gives the plaintiff in a case like this " reasonable compensation for as much as he has performed, in proportion to the price stipulated for the whole." *Hale* v. *Johnson*, 6 Kans. 137. The question is not what personal remedy he might have against the other party to the contract, but to what extent it is proper to charge the land with a lien when it may have gone into the hands of strangers. Of course it would be possible to say that buyers must take notice of all possible consequences of the contract, but it seems more reasonable to fix the limit and the proportion from the only measure of which they can have notice, — the contract price. For that reason, no doubt, the statute has established a general rule.

The result is, that the exceptions must be sustained, but the petitioner may be able to avoid a new trial by consenting to a reduction.

*Exceptions sustained.*