JOHN K. MARTIN *vs.* JOSEPH I. STEWART & another.

Suffolk. November 9, 10, 1909. — January 6, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Mechanic's Lien. Practice, Civil,* Verdict, New trial, Entry of judgment. *Supreme Judicial Court. Judgment,* Entry of.

R. L. c. 197, § 6, requiring for the preservation of a lien for labor or materials the filing of a sworn statement, provides that "if a lien is claimed for labor only performed or furnished under an entire contract which includes both labor and materials at an entire price, the contract price, the number of days of labor performed or furnished and the value of the same shall also be stated." A petition was filed for the enforcement of a lien for labor performed and furnished under a contract to do all the carpenter work upon a block of five houses for an entire price of $3,600. In stating the account and giving the items no mention was made of anything but labor. The value of lumber included in the contract was $36. The statement of the lien did not comply with the requirement of the provision of the statute above quoted by stating the number of days of labor and the value of the same. The petitioner contended that the amount of materials included in the contract was so small that it might be disregarded and the contract treated as one for labor alone. *Held,* that there was no foundation for this contention, and that the petition could not be maintained.

Under R. L. c. 197, § 3, no lien for materials can be established against the owner of real estate if the materials were furnished under a contract which was made

with the person from whom he purchased the property before it was conveyed to him and no notice was given to him of an intention to claim a lien, although a part of the materials were furnished after he acquired the title.

Upon a petition to establish a lien for labor furnished in the construction of a building, the case was tried before a jury upon issues framed for them, upon which they found for the petitioner. The petition was for the enforcement of a lien for labor only, and by the evidence it appeared that the labor had been furnished under a contract which included both labor and materials at an entire price, and that the requirements of R. L. c. 197, § 6, as to a statement of the number of days of labor and the value of the same had not been complied with. The respondent moved for a new trial, which was granted by the judge. The respondent then asked the judge " upon all the evidence in the case " to find for the respondent. This motion the judge denied on the ground that he had no authority to grant it. *Held,* that the action of the judge was right, both in granting the new trial and in refusing to make a finding for the respondent; that the evidence on which the judge was asked to make the finding had been introduced upon the trial of issues before the jury, and, after their verdict, was not before the judge to be passed upon by him, and he could not assume that the petitioner would not desire and be able to introduce other evidence upon a new trial on the merits.

The provision of St. 1909, c. 236, § 1, that in a case before this court on an exception by a defendant to a refusal of a presiding judge to order a verdict for such defendant, this court, if the defendant's exception is sustained, may by rescript direct the entry in the trial court of judgment for the defendant, does not apply to a case which comes to this court not by a bill of exceptions but by a report of the presiding judge, although it appears by such report that the judge refused to order a verdict for the defendant and that the defendant excepted and that such refusal was erroneous and was held to be so by the presiding judge himself, who accordingly set aside the verdict and reported the case without providing in his report for a judgment for the defendant.

PETITION, filed May 17, 1907, to establish a lien on a certain parcel of land and the building thereon on the corner of Geneva Avenue and Charles Street in that part of Boston called Dorchester, for carpenter work performed and furnished for such building under a contract between the petitioner and the respondent Stewart, who conveyed the property to the respondent Blanchard, trustee.

In the Superior Court the case came on for trial before *Sanderson,* J. The petitioner put in evidence an auditor's report which contained the following findings :

" The evidence submitted to the auditor shows that on or before May 24, 1904, one Humphreys conveyed to the respondent Stewart the premises upon which this lien is claimed, and the deed thereof was immediately recorded.

" On December 5, 1905, the petitioner made an oral contract

with the respondent Stewart for the sum of $3,600, to do all the carpenter work (except the laying of floors) and to furnish the lumber for the stair carriages, in a block of five houses to be erected on these premises.

"It appeared in evidence that the petitioner entered upon the performance of his contract and duly completed the same on the 25th day of April, 1907. It further appeared that while the work under this contract was going forward, the respondent Stewart and the petitioner made certain other contracts for additional carpenter labor in the nature of extras to be done on this block of houses at certain fixed prices as follows:

"Carpenter work on picture moulding and plate rails  . $100
Carpenter work necessitated by changes in the plans . 125
Cutting finish . . . . . . . . . . . . . . 95

"This extra work was duly performed by the petitioner. The result was a total indebtedness under the principal contract and extras of $3,920. The petitioner admits credits against this to the amount of $2,213.78, leaving a balance due of $1,706.22.

"While the petitioner was engaged in performing his contract, the respondent Stewart by a deed dated January 15, 1907, and recorded February 2, 1907, conveyed to the respondent Blanchard the land upon which the block was being erected. The petitioner filed his lien statement in the registry of deeds on May 16, 1907, and within thirty days after the last day of work required by a proper performance of his contract. The statement recited that 'the following is a just and true account with all just credits given of the amount due me for labor performed and furnished and for materials furnished and actually used.' The account in the lien statement however was as follows: 'Labor performing carpenter work upon block corner Charles Street and Geneva Avenue, Dorchester, between October 14, 1905 and April 25, 1907 inclusive at agreed price of $3,600,' with proper items for labor performed under the extras; but contained no reference to the furnishing of any materials. The same omission of any reference to materials appears also in the account in the lien petition. It further appeared that the value of the lumber for the stair carriages the furnishing of which was required under the principal contract and which was

actually furnished by the petitioner was $36, or just one per cent of the whole contract price.

" It appeared that the omission of the petitioner to refer to this material in his lien statement and petition was due to the fact that he had always regarded the furnishing of it as merely incidental to the contract for carpenter work and so small a part of it as to be negligible; and had actually forgotten about it when instructing his counsel in the preparation of the case. If the above evidence is competent, I find that this omission in the lien statement was not intended to mislead, and that the parties. entitled to notice of the statement were not in fact misled thereby.

" It further appeared that the date of October 14, 1905, set out in the lien statement as the date of the petitioner's contract was inaccurate and should have been December 5, 1905, but it also appeared and I therefore find that this was an honest error on the part of the petitioner, that there was no intention on his part to mislead, and that no party entitled to notice of the statement was in fact misled thereby."

The judge framed for the jury five issues, which were contained in the auditor's report and on which the auditor had made findings. They were as follows:

" 1. Did the petitioner perform and furnish on the premises described in the petition the labor set forth in the petition?

" 2. Is any amount due the petitioner for said labor?

" 3. How much is due for such labor?

" 4. At what time did the petitioner cease to perform and furnish labor on said premises?

" 5. Did the petitioner within thirty days after he ceased to perform and furnish labor on the premises described in the petition file in the registry of deeds the statement required by law? "

The respondent Blanchard, trustee, asked the judge to rule as follows:

" 1. Upon all the evidence in the case as a matter of law the petitioner is not entitled to recover.

" 2. The petitioner's statement is not sufficient to preserve a lien for materials.

" 3. The petition is not sufficient to enforce a lien for materials.

"4. The petitioner's contract with Stewart was an entire contract including both labor and materials at an entire price.

"5. There is a variance between the petition and the proof.

"6. Upon all the evidence as a matter of law the petitioner cannot maintain a lien for materials and the petition must be dismissed."

The judge gave rulings 2 and 3 as requested, and the petitioner expressly assented to these rulings. The judge also gave ruling 4 as requested, to which the petitioner excepted.

The judge refused to give rulings 1, 5 and 6, as requested, but submitted the case to the jury upon the issues as set out above and upon the following question:

"Did the materials used make any appreciable difference in the price of the work?"

The respondent excepted and saved his exceptions to the refusal of the judge to give rulings 1, 5 and 6, as requested and to the submission of said issues 3 and 5 and said additional question to the jury.

It was agreed that answers should be returned to issues 1, 2 and 4, as follows:

1. "Yes."

2. "Yes."

4. "April 25, 1907."

The petitioner's attorney was asked by the judge whether he desired to amend his petition, and he stated that he would stand on his petition as it was.

The jury answered to issue 3, "$1,706.22"; to issue 5, "Yes"; and to the additional question submitted by the judge answered, "No."

The respondent Blanchard, trustee, thereafter filed a motion for a new trial on the following grounds:

1. Because the verdict in answer to issue 3 is against the law and against the evidence and the weight of the evidence.

2. Because the verdict in answer to issue 5 is against the law and against the evidence and the weight of the evidence.

3. Because the verdict in answer to the additional question submitted by the court is against the law and against the evidence and the weight of the evidence.

After a hearing upon the motion, the judge set aside the ver-

dict of the jury on issues 3 and 5 and on the additional question submitted by him, and granted a new trial upon the ground that as a matter of law upon all the evidence in the case the jury could not properly answer the issue numbered 3, and because as a matter of law upon the evidence they could not have made the answer "Yes" to the issue numbered 5 and could not have made the answer "No" to the additional question submitted by the court, and the judge reported the case for determination by this court upon the terms, agreed to by the respondent, that if these rulings on the motion for a new trial were erroneous, the answers of the jury to the issues numbered 3 and 5 and to the additional question might stand, and that the petitioner's lien might be established for the amount found due by the jury with interest.

The respondent Blanchard thereafter filed the following motion:

"Now comes the respondent, Fred F. Blanchard, trustee, and moves that upon all the evidence in the case a finding be made for the respondent."

This motion was heard by the judge and the following order was made thereon:

"The court having granted the respondent's motion for a new trial, denies this motion for a finding upon the ground that as a matter of law the court has not authority to grant the motion."

The respondent Blanchard excepted to this order of the judge denying his motion.

*J. E. Crowley*, for the petitioner.

*W. R. Bigelow*, for the trustee.

KNOWLTON, C. J. This is a petition for the enforcement of a mechanic's lien. The only evidence introduced at the trial was the report of an auditor, and a copy of the petitioner's statement of the lien, filed in the registry of deeds. The uncontradicted evidence showed that the petitioner made a contract with the respondent Stewart to do all the carpenter work upon a block of five houses on the land described in this petition, except the laying of floors, and to furnish the lumber for the stair carriages, for an entire price of $3,600; that he performed this contract and did certain extra work, and that a balance upon the contract price and for the extra work is now due him.

A statement of a claim of lien was seasonably filed, which, in stating the account and giving the items, made no mention of anything but labor. The agreed price of $3,600, which was given as one item, purported to be for labor, with no reference to materials. The account annexed to the petition for the enforcement of the lien, in like manner gives items of labor, but makes no reference to materials. The word "materials" occurs in only one place in the statement on file in the registry of deeds, and in three places in the petition. But neither the statement of claim nor the petition purports to be in substance for anything except the debt for the labor. The judge ruled that "the petitioner's statement is not sufficient to preserve a lien for materials," and that "the petition is not sufficient to enforce a lien for materials." The petitioner expressly assented to these rulings.

It is plain that neither the statement of the lien, nor the petition for the enforcement of a lien, nor the evidence, was enough to enable the petitioner to maintain a lien for labor alone, performed or furnished under a contract which includes both labor and materials at an entire price. To maintain a lien of this kind the contract price, and the number of days of labor performed or furnished, and the value of the same, must be stated and proved. R. L. c. 197, § 6. *Gogin* v. *Walsh*, 124 Mass. 516.

The auditor found that the value of the lumber included in the petitioner's original contract was $36, and the petitioner contends that this is so small an amount that it may be disregarded, and the contract treated as for labor alone. There is no foundation for this contention. The case of *Mulrey* v. *Barrow*, 11 Allen, 152, relied on by the petitioner, falls far short of sustaining it.

Certain issues were found for the petitioner by agreement of parties, and certain other issues were found for him by the decision of the jury, subject to exceptions of the respondent. Upon a motion for a new trial these last findings were set aside by the judge and a new trial was granted, upon the ground that the findings were erroneous as matter of law. For reasons already given, we are of opinion that the judge was right in this ruling, and that the findings were rightly set aside.

Before the case was submitted to the jury, the petitioner's attorney, in reply to a question by the court, said that he did not wish to amend his petition, and would stand on his petition as it was.

The evidence at the trial would not enable the petitioner to maintain a lien against the respondent Blanchard, to whom the real estate was conveyed while the contract was being performed. R. L. c. 197, § 3. So far as appears, the materials or a part of them were furnished after Blanchard acquired his title, and without notice to him of an intention to claim a lien, and no case was made out for the enforcement of a lien for labor and materials under an entire contract.

If the case had been submitted to the judge upon the evidence, for a ruling on the question whether findings were warranted that would entitle the petitioner to maintain his lien, he properly could have ruled in favor of the respondent. But the motion for a finding by the judge for the respondent, upon the evidence, after the trial, and after the verdict upon three issues had been set aside, stands differently. The case was not before the court for action of this kind. The evidence had been introduced upon a trial of issues before a jury. When the verdict was set aside, the petitioner was entitled to a new trial. If, upon a hearing before the judge on a motion, facts had been admitted which would warrant the judge in revoking the order framing issues, and in finding for the respondent, he might have dealt with the case in this way. But he could not, except by agreement of the petitioner, proceed to a final disposition of the case in this subsequent proceeding, on evidence which had been introduced at a previous stage in a trial before a jury. He could not assume that the petitioner might not desire to introduce other evidence upon a new trial on the merits. The ruling of the judge on this motion was right.

The respondent asks us to apply the St. 1909, c. 236, § 1, to this case. This section is as follows: " When, in the trial of a civil action, the presiding justice is requested to rule that upon all the evidence the plaintiff cannot recover, and such request is refused, and exception by the defendant to such refusal is duly taken, and a finding or verdict returned for the plaintiff, then if the defendant's said exception is sustained in

the Supreme Judicial Court, and exceptions if any taken in said trial by the plaintiff are all overruled, the Supreme Judicial Court may, by rescript, direct the entry in the trial court of judgment for the defendant, and thereupon judgment shall so be entered." The request for a ruling, the refusal of the request, the exception to the refusal and the verdict of the jury were all within the language of the statute. The case does not come to this court upon a bill of exceptions, but upon a report of the presiding judge. The exception is not technically sustained, although the ruling excepted to is held to be erroneous, and was so held by the judge himself, who accordingly set aside the verdict and reported the case. We are of opinion that the case should be disposed of according to the terms of the report, which does not provide for a judgment for the respondent. We are of opinion that the statute does not apply to this case.

*Case to stand for further hearing in the Superior Court.*