JOHN K. MARTIN *vs.* JOSEPH I. STEWART & another.

Suffolk.    March 9, 1911. — May 17, 1911.

Present : KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Mechanic's Lien.*

Under R. L. c. 197, § 6, it is only where labor was performed under an entire contract which included both labor and materials at an entire price, that the number of days of labor must be given in a statement filed to preserve a mechanic's lien for labor only. Where the lien is for the contract price agreed upon by the parties for labor only, it is not necessary to particularize by stating the number of days taken in its performance.

PETITION, filed May 17, 1907, to establish a lien on a certain parcel of land and the building thereon on the corner of Geneva Avenue and Charles Street in that part of Boston called Dorchester, for carpenter work performed and furnished for such building under a contract between the petitioner and the respondent Stewart, who conveyed the property to the respondent Blanchard, trustee.

The case first was tried before *Sanderson,* J., upon an auditor's report. The judge, after certain findings by the jury, set aside the verdict on certain issues, granted a new trial, and reported the case for determination by this court. This court, in a decision reported in 204 Mass. 122, held, among other things, that the order for a new trial was proper and ordered that the case should stand for hearing in the Superior Court.

There was a new trial of the case before *Bell,* J., at which, in addition to the auditor's report, the petitioner testified at length and also introduced the testimony of the respondent Stewart. The respondent Blanchard, trustee, testified that he never knew what the terms were of the contract between the petitioner and the respondent Stewart and that he did not testify before the auditor. He also testified that at the time he took title to the property in January, 1907, he understood that all the work was finished, and that he never knew of any work being done by the petitioner after that. The change in the character of the evidence from that at the former trial is described in the opinion.

The respondent Blanchard asked the judge to make the following rulings :

" 1. Upon all the evidence in the case as a matter of law the petitioner is not entitled to recover.

" 2. The petitioner's statement is not sufficient to preserve a lien for materials.

" 3. The petition is not sufficient to enforce a lien for materials.

" 4. The petitioner's, contract with Stewart was an entire contract including both labor and materials at an entire price.

" 5. There is a variance between the petition and the proof.

" 6. Upon all the evidence in the case as a matter of law the jury cannot answer the issue numbered three.

" 7. Upon all the evidence in the case as a matter of law the jury cannot answer the issue numbered five."

The judge with the assent of the petitioner made the rulings numbered two and three as requested. He refused to make any of the other rulings requested.

The jury were instructed properly as to computing interest upon any amount which they should find to be due and also as to certain items for $100, $125 and $95.

The judge then submitted the case to the jury upon six issues, which with the answers of the jury to them were as follows :

" 1. Did the petitioner perform and furnish on the premises described in the petition the labor set forth in the petition ? " The jury answered " Yes."

" 2. Is any amount due the petitioner for said labor ? " The jury answered " Yes."

" 3. How much is due for such labor ? " The jury answered "$1,934.96."

" 4. At what time did the petitioner cease to perform and furnish labor on said premises ? " The jury answered " April 25, 1907."

" 5. Did the petitioner within thirty days after he ceased to perform and furnish labor on the premises described in the petition file in the registry of deeds the statement required by law ? " The jury answered " Yes."

" 6. Did the original contract under which $3,600 was to be paid to the petitioner include the furnishing by the petitioner of the lumber for the stair carriages ? " The jury answered " No."

The respondent Blanchard, trustee, alleged exceptions. It did not appear from the bill of exceptions that the judge made any order that the lien be established.

*W. R. Bigelow,* for the respondent Blanchard, trustee.

*J. E. Crowley,* for the petitioner, was not called upon.

BRALEY, J.   It appeared in *Martin* v. *Stewart,* 204 Mass. 122, upon the auditor's report, which with a copy of the petitioner's statement of lien was all the evidence introduced at the trial, that the petitioner contracted with the respondent Stewart to perform all the carpenter work on the buildings except the laying of floors, and to furnish the lumber for the stair carriages for an entire price.   The petitioner performed the contract, and did certain extra work, but as the statement of lien contained no reference to anything except labor, it was decided that no lien attached to the land, and the petition could not be maintained.

But the evidence at the second trial was materially different. It tended to show that the original contract, instead of being for labor and materials, was for labor only, and the jury found in answer to the sixth issue that the lumber for the stair carriages was not included.   If the testimony was conflicting, the credibility of the witnesses was for the jury, and the positive statements of the petitioner, and of Stewart, who each testified as to the terms of the contract, cannot be disregarded even if inconsistent with their former testimony and the auditor's report.   It was a question of fact which has been determined against the respondents, and the answer which settles the principal questions raised by the exceptions, having been warranted by the evidence, must stand.

The third issue called for an answer as to the amount due for labor, and, the statement of lien not having set forth the number of days, although giving the dates, the respondents asked for a ruling that this question could not properly be answered by the jury.   But it is only where labor is performed or furnished under an entire contract, which includes both labor and materials, that the number of days must be specified in the statement.   R. L. c. 197, § 6.   If as in the present case the lien is for the contract price, for which the parties agreed that the work should be done, it is not necessary to particularize by stating the number of days taken in its performance.   *Patrick* v. *Smith,* 120 Mass. 510, 513.   We find no error of law at the trial.

*Exceptions overruled.*