WILLIAM E. DONNELLY *vs.* CHARLES E. BUTLER & another.

Hampden.   September 23, 1913. — October 22, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Mechanic's Lien,* Statement of claim.   *Evidence,* Presumptions and burden of proof.

Under R. L. c. 197, §§ 6, 7, providing that, where a mechanic's lien is claimed for labor only performed or furnished under an entire contract for both labor and materials, the statement of the lien "shall not be invalid or insufficient solely by reason of an inaccuracy in stating or failing to state the contract price, the number of days of labor performed or furnished, and the value of the same, if it is shown that there was no intention to mislead and that the parties entitled to notice of the statement were not in fact misled thereby," and providing that

"the validity of the lien shall not be affected by an inaccuracy in the statement relative to the property to which it attaches, if such property can be reasonably recognized by the description," the burden of proof is upon a petitioner to bring himself within these exceptions; and, where a judge, who had heard without a jury, on oral testimony as well as on an auditor's report, a petition to establish a mechanic's lien upon which these questions had been raised, made a general finding for the respondents, it was *held*, that, on evidence which warranted such findings, the judge must have found that the petitioner had failed to show that the inaccuracies in the statement had occurred through inadvertence or had failed to show that the description was sufficiently accurate to identify the land to be subjected to the lien.

PETITION, filed in the Superior Court on March 5, 1910, and afterwards amended, under R. L. c. 197, § 10, to enforce a mechanic's lien for labor on a certain lot of land and a three story building thereon in Chicopee belonging to the respondent Butler.

The case was referred to Luther White, Esquire, as auditor, and afterwards was heard by *Jenney*, J., without a jury, upon the auditor's report and oral testimony. The material facts are stated in the opinion. The petitioner asked the judge to make the following rulings:

"1. That there is no inaccuracy in the statement describing the property to which the lien attaches.

"2. That the petitioner is entitled to recover the amount found by the auditor in his report.

"3. That the property can be reasonably recognized from the description set forth in the certificate and petition.

"4. That on all the evidence the petitioner is entitled to recover."

The judge refused to make the first, second and fourth rulings requested, and refused to make the third ruling except as follows: "I find that the part of the respondent Butler's property described in the certificate and in the petition, as amended, can be reasonably recognized from the description."

The judge found for the respondents; and the petitioner alleged exceptions.

The case was submitted on briefs.

*M. B. Houlihan & J. H. Loomis*, for the petitioner.

*H. P. Small*, for the respondents.

BRALEY, J. The petitioner's agreement made with the principal contractor, rightfully acting for the respondent Butler, the owner of the premises, called for the furnishing of the labor and

materials necessary for the plumbing, heating, and piping of the building for gas and water, at an entire price. No notice having been given to the owner as provided by R. L. c. 197, § 3, a lien for materials did not attach, and, the petitioner having substantially completed his part of the work, as found by the auditor, seeks to enforce a lien for labor only under § 2.

A mechanic's lien being a creature of statute, compliance with the prescribed requirements must be shown. By § 6 the statement must set forth the number of days of labor performed or furnished. The only item is for "labor performed and furnished from July 9 to Dec. 17, 1909," and upon its face the statement was defective. *Patrick* v. *Smith*, 120 Mass. 510. *Sexton* v. *Weaver*, 141 Mass. 273. *Martin* v. *Stewart*, 208 Mass. 583.

Under § 1, a right to have a lien attaches at the time the work is done to the interest of the owner of the building or structure in the whole, and not to a part of the land on which it stands. *Collins* v. *Patch*, 156 Mass. 317. *Orr* v. *Fuller*, 172 Mass. 597. *Vickery* v. *Richardson*, 189 Mass. 53, 55. *Kelley* v. *Border City Mills*, 126 Mass. 148. The unrecorded plan which this respondent caused to be prepared showed that at the date of the contract the land had been divided into lots. If it was his intention to treat the subdivisions as separate units, the description of the portion or lot on which the building stood, was found by the judge when dealing with the third request to have been sufficient. The true purpose and intention of the owner not only were material, but, when ascertained, are decisive. *Pollock* v. *Morrison*, 176 Mass. 83. The acts of the respondent in causing iron pins or stakes to be placed at the corners of the lots, and the laying out of the street, coupled with the previous conveyance of two lots, and the subsequent mortgage of the lot in question under descriptions corresponding with the plan, while furnishing strong presumptive proof of a division into building lots recognized and dealt with independently as such, were however to be considered in connection with his testimony that he regarded the unsold portion as constituting but a single tract. *Orr* v. *Fuller*, 172 Mass. 597.

A further provision, however, is found in § 6, that the omission to state the number of days where the description given is sufficiently accurate for identification, if there is no intention to mislead, and the parties entitled to notice have not been in fact

thereby misled, and in § 7, that an "inaccuracy in the statement relative to the property to which it attaches, if such property can be reasonably recognized from the description," shall not affect the validity of the lien. But, as the respondent Butler in his answer raised these issues, to which the judge's attention also was specifically called, the burden of proof rested on the petitioner to bring himself within the exception. *Carberry* v. *Sharon*, 166 Mass. 32, 33. These questions were questions of fact. *Thompson* v. *Luciano*, 211 Mass. 169, 170. It is immaterial whether upon the record this court would have been impressed by this defense. The general finding for the respondents not having been unwarranted, the judge who saw the witnesses must have been convinced that the failure to state the account with statutory exactness had not occurred through inadvertence, or that the description, which otherwise would have been sufficient under the amendment to the petition, was not sufficiently accurate to enable him to identify the land which could be subjected to the lien. *Devine* v. *Clark*, 198 Mass. 56. *Pollock* v. *Morrison*, 176 Mass. 83. *Orr* v. *Fuller*, 172 Mass. 597. R. L. c. 197, § 14. The statement having been found incurably incomplete, the petition cannot be maintained, and, no error of law appearing in the refusal to give the petitioner's requests for rulings, the exceptions must be overruled. *Carnes* v. *Howard*, 180 Mass. 569.

*So ordered.*