SARAH M. LANGLEY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. March 10, 1916. — April 6, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Negligence,* Of street railway. *Agency,* Scope of employment.

Where a woman passenger in the exercise of due care is standing upon the platform of a terminal station of an elevated railway and two employees of the railway company, who have finished their work for the day and are waiting on the platform to take a car to carry them home or elsewhere for their own purposes, either while making passes at one another by way of joke or in stepping back to avoid a pass or blow from a stranger, negligently bump into the woman and push her off the platform into a pit, the railway company cannot be found to be liable for her injuries thus sustained; because the two men were not in a legal sense the servants or employees of the company when their negligent acts were committed.

PIERCE, J. On December 3, 1912, the plaintiff, a passenger, in the exercise of due care, while standing upon the platform of the

elevated terminal station of the defendant company at Sullivan Square, was unintentionally jostled and thrown down, to her injury, under circumstances that would warrant a finding of the following facts:

Upon the platform, near the plaintiff, two men in uniform, in the general employment of the defendant, but not on duty, were awaiting the coming of the surface cars which ran to Everett. Their services for the day were over; they were not in the pay of the defendant; their time was their own, they could use it as they saw fit; they were at liberty to go as and where they pleased, and they were about to pass over the defendant's road for their own business or pleasure. While waiting for the car to come, the two men, in sport, moved back and forth over an uncrowded space as great as a car's length, scuffling, making passes at each other, laughing and joking. A stranger, apparently under the influence of liquor, walked up to the two men and, uninvited, attempted to join in the fooling. In evading or dodging a pass or blow of the stranger, one of the two men stepped back and bumped into the plaintiff.

At the close of the evidence, the defendant asked the presiding judge * to rule:

"First. That the defendant was entitled to a verdict.

"Second. That Gray and Dugan were passengers.

"Third. That there was no evidence of any unseemly or improper conduct on the part of Gray and Dugan as passengers which called for interference on the part of the defendant's officials.

"Fourth. That if Gray and Dugan, after they had finished their work on the Elevated Division and had come to another part of the station to take cars upon business of their own, were still nevertheless servants of the defendant to the extent that the defendant was liable for their conduct as for the conduct of an agent, nevertheless there was no evidence of any negligent conduct on the part of said servants.

"Fifth. That, if the jury found as a fact that Gray and Dugan had finished their day's work and were on their way home, the

---

* *Dana*, J., who, after a verdict, for the plaintiff, reported the case for determination by this court.

defendant would not be liable for their acts as for the acts of servants and agents.

"Sixth. That there is no evidence that in the course of any negligent conduct on the part of Gray or Dugan, Gray hit the plaintiff, and knocked her into the pit."

None of these requests was given or refused, save as may be inferred from the charge and from the terms of the report.

In the charge the presiding judge stated, without reported objection or exception, "Now, whatever you may find that those men were doing, whether they were doing what the plaintiff claims they were doing, or whether they were doing what the defendant claims they were doing, at the time of the accident, and before the accident, the court is of the opinion, that the defendant was not negligent because no official of the defendant interfered with the conduct of those two men. The court is of opinion that, upon the evidence in this case, there is no evidence sufficient to present a case calling for interference on the part of the street railway company's officials. And the court says this in view of the time, when this accident took place, the description given as to what the men were doing, the condition of the platform, the number of passengers upon it, the hour of the day, and so forth. There is no description from any witness, so far as the opinion of the court goes, of anything so disorderly and so reprehensible as to call for affirmative action by any official of the road. So that anything of that kind is out of the case." Thereupon, the ruling became the law of the case, and there was established as a fact that there was not "anything so disorderly and so reprehensible as to call for affirmative action by any official of the road." See *Kuhlen* v. *Boston & Northern Street Railway*, 193 Mass. 341.

As regards the action of the stranger, the court charged the jury, without objection or exception, and with the apparent approval of the plaintiff, "if those two men in uniform were upon the platform, perhaps talking jocosely and enjoying themselves, if those two men were present on the platform, and a man partially under the influence of liquor or not under it, came up to them, and this man came up to them, and said to Mr. Gray, 'Where can I get a car to Medford?', and Mr. Gray asked him which he wanted, there were several cars, and this man said, 'It is none of your business,' and then made a pass at him, and

Mr. Gray undertook to get out of the way by making a backward step suddenly, as anybody would under the circumstances, and accidentally hit the plaintiff, knocking the plaintiff into the pit, then, in that case, if the accident happened substantially as I have outlined, and as the defendant says that it happened, then there is no liability on the part of the defendant, and there must be a verdict for the defendant." As the jury found for the plaintiff, it must have found as a fact under the instructions, that the accident was not attributable to wrongful conduct of the stranger.

The judge then charged the jury, "It is contended by the defendant that these two men in uniform at the time of the accident were not actually engaged in service, that is to say, that, at the time of the accident, they had got through their day's work, and were on their way home. They were free to do as they liked, and they were going home as any passengers would go home. Now, on the question whether the defendant would be responsible for the negligence of either of these parties if he was negligent, the court rules that the company would be liable, if either of those men in uniform was negligent in the same manner as if he had not got through his work for the day." Again, "Were they employees of the defendant company at the time of the accident? That is, not were they engaged in their actual service, but were they in the general employment of the company at the time of the accident? If you find that they were, and you find that either of them, using the standard test of due care, was negligent, and that such negligence caused the plaintiff to fall into the pit, the plaintiff has made out a case. Otherwise, the plaintiff has no case." Under this instruction, the jury found for the plaintiff, and, therefore, found one or both of the men negligent.

But it does not follow that the defendant is liable therefor. While the carrier is bound to exercise the utmost care and diligence consistent with the proper management of its business to protect its passengers from the negligence, violence and insults of their fellow passengers and strangers, as also from the negligence, violence and insults of its servants and employees, whether wilful and malicious or not, and whether or not within the scope of the agent or servant's employment, nevertheless, to hold the carrier liable for the acts and defaults of the servant as servant or as employee, it must be proved that the person so acting or failing to

act was, in a legal as distinguished from a popular sense, in the employment of the defendant at the time of the acts complained of. *Bryant* v. *Rich,* 106 Mass. 180, 188. *Doyle* v. *Fitchburg Railroad,* 162 Mass. 66, 69. *Gooch* v. *Citizens Electric Street Railway,* 202 Mass. 254. *Hayne* v. *Union Street Railway,* 189 Mass. 551, 554. *Jackson* v. *Old Colony Street Railway,* 206 Mass. 477.

It follows that the fifth request should have been given. And, as it is clear that the men were not at the time of the injury in a legal sense the servants or employees of the defendant, the first request should also have been given.

It follows that the exceptions must be sustained, and in accordance with St. 1909, c. 236, judgment should be entered for the defendant.

*So ordered.*

*T. E. Flanagan,* for the plaintiff.
*J. E. Hannigan,* for the defendant.