# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

---

AVIRA E. LIBBY, administratrix, vs. NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

EDITH G. LIBBY, administratrix, vs. SAME.

Barnstable. May 11, 1931. — September 22, 1931.

Present: CROSBY, PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Practice, Civil,* Order of judgment under G. L. c. 231, § 122, Amendment after rescript. *Supreme Judicial Court. Superior Court.*

After this court, upon an exception by the defendant to the denial of a motion that a verdict be ordered in his favor in an action in the Superior Court, has sent a rescript sustaining the exception and ordering judgment entered for the defendant under G. L. c. 231, § 122, the Superior Court has no power to allow an amendment of the plaintiff's declaration making a change of substance in the cause of action from that upon which the verdict was rendered.

It was stated that a different question with regard to the power of the Superior Court upon such a rescript is presented when the action has come before this court upon a report by the trial judge containing a stipulation of the parties or an order by the judge concerning the final disposition of the case, or upon agreed facts.

TWO ACTIONS OF TORT. Writs dated February 9, 1928.

The actions were tried together in the Superior Court before *Whiting,* J. The judge denied a motion by the defendant in each action that a verdict be ordered in its favor. There was a verdict for the plaintiff in each action. The actions were previously before this court upon excep-

VOL. 277. 1

tions by the defendant to the denial of its motions and, in a decision reported in 273 Mass. 522, this court in each action ordered the exception sustained and judgment entered for the defendant. Motions thereafter made by the plaintiff in each action to amend the declaration are described in the opinion. The motions were denied by *Whiting*, J., who ordered the actions continued for judgment and reported his rulings on the motions for determination by this court.

*G. Alpert*, for the plaintiffs.

*E. J. Phillips*, for the defendant.

WAIT, J. These cases are before us upon reports from a judge of the Superior Court which present the single question, whether after rescripts from this court ordering judgments for the defendant under the provisions of G. L. c. 231, § 122, he had authority to allow amendments in the cases. The judge ruled that he was without authority. He stated that if he had discretion in the matter he would allow amendment. Before the day on which judgments after rescript would enter in ordinary course pursuant to Common Law Rule 56 of the Superior Court (1923), the cases were continued for judgment pending final determination on the motions to amend.

We put to one side, as irrelevant, the question whether, under G. L. c. 231, § 56, formal defects or imperfections in the record or proceedings may be corrected by an amendment in affirmance of the judgment. The amendments here sought were not in affirmance of the judgments ordered.

The material circumstances are as follows: The occasion for the actions at law was the deaths of Albert Paul Libby and Charles N. Libby by reason of a collision between the motor vehicle in which they were riding and a motor bus of the defendant moving upon its railroad tracks at a crossing of the railroad and a highway. As originally filed, the declarations each contained eight counts. The first six counts set out claims at common law and under the general statute authorizing actions for negligence resulting in death. G. L. c. 229, §§ 3, 5. The seventh count in each alleged liability for death under G. L. c. 160, § 232, which gives an

action against a railroad corporation·if a person is injured in his property or person by collision with the engine or cars of the railroad corporation at a highway crossing and it appears that neglect to give the signals required by G. L. c. 160, § 138, contributed thereto. The eighth counts, also under G. L. c. 160, § 232, alleged liability for conscious suffering. Both declarations ended with the statement: "All of the foregoing counts are for the same cause of action." At the trial, after the close of the evidence, the plaintiffs waived the first six counts of their declarations and went to the jury only on counts based on failure to give statutory signals. The judge refused to direct verdicts for the defendant, who took exception thereto. After verdicts for the plaintiffs, the defendant brought the cases to this court on bills of exceptions which recited that they contained the evidence "material to the issues raised by these exceptions." This court decided that neither plaintiff could maintain her action under G. L. c. 160, § 232, because G. L. c. 160, § 138, did not apply in the situation disclosed. *Libby* v. *New York, New Haven & Hartford Railroad*, 273 Mass. 522. The rescripts ran: "Exceptions sustained. Judgment for the defendant." The opinion shows that no exception other than to the refusals to direct the verdicts upon the ground of the inapplicability of the statute with reference to the signals required by law was considered. Nothing was said with regard to the exercise of the authority to order judgments for the defendant given by G. L. c. 231, § 122, to this court. No exceptions taken by the plaintiffs appeared. The opinion was filed December 20, 1930. Rehearing, requested by the plaintiffs on December 26, was denied on January 5, 1931. On January 23, 1931, the plaintiffs moved for leave to amend by adding new counts to their declarations. In substance they sought to reinstate the six counts which they had waived at the trial.

It is obvious that the statement that the counts of the declarations as originally filed were for the same cause of action was inaccurate. The occasion for suing was single. The causes of action were diverse. The evidence in support of the allegations might show a cause of action at common

law for conscious suffering, a cause of action created by statute for negligence resulting in death, a cause of action created by a different statute for negligent failure to give certain signals required by law or to supply specified equipment. The amount recovered might belong to one or another set of beneficiaries. After the waiver, however, only a single cause of action remained, the only cause to which the evidence could then be related, a cause of action which could not be maintained.

G. L. c. 231, § 122, is the embodiment in the General Laws of St. 1909, c. 236, § 1. Before St. 1909, c. 236, took effect the jurisdiction of this court in a matter brought before it upon a bill of exceptions was limited to the question of law so raised. This court had nothing to do with reference to what should be done in the case after its rescript had settled the point of law presented. Its rescript left the case open for any appropriate action not inconsistent with the decision which it had rendered. *Platt* v. *Justices of the Superior Court*, 124 Mass. 353, 355. See *Simmons* v. *Fish*, 210 Mass. 563. "Exceptions sustained" implied that parties were entitled to a new trial on all the issues of the pleadings in force when the new trial took place. Amendment after rescript was within the discretion of the trial court. *Cheney* v. *Boston & Maine Railroad*, 246 Mass. 502. *Terry* v. *Brightman*, 133 Mass. 536. *Gale* v. *Nickerson*, 144 Mass. 415. The statute of 1909 changed this. Its title "An Act to provide for expediting the final determination of causes," states its purpose. Its language follows: "Section 1. When, in the trial of a civil action, the presiding justice is requested to rule that upon all the evidence the plaintiff cannot recover, and such request is refused, and exception by the defendant to such refusal is duly taken, and a finding or verdict returned for the plaintiff, then if the defendant's said exception is sustained in the Supreme Judicial Court, and exceptions if any taken in said trial by the plaintiff are all overruled, the Supreme Judicial Court may, by rescript, direct the entry in the trial court of judgment for the defendant, and thereupon judgment shall so be entered. Section 2. When, in the trial of a civil action the

presiding justice is requested by the plaintiff to rule that upon all the evidence a finding or verdict should be returned for the plaintiff, and such request is refused, and an exception to such refusal is duly taken, and a finding or verdict is returned for the defendant, then if the plaintiff's said exception is sustained in the Supreme Judicial Court, and the exceptions, if any, taken in said trial by the defendant are all overruled, the Supreme Judicial Court may, by rescript, direct the entry in the trial court of judgment for the plaintiff, and thereupon judgment shall so be entered.  Section 3. Nothing in this act shall be construed as affecting or limiting the power of the trial court to set aside a verdict and order a new trial for any cause for which a new trial may by law be granted."

That language is significant.  The Supreme Judicial Court "may" direct entries of judgment, "and thereupon judgment shall so be entered."   Section 3 is needed to preserve in the trial court authority "to set aside a verdict and order a new trial for any cause for which a new trial may by law be granted."   That section has been separated from §§ 1 and 2 in the revision made by the General Laws; but continues in force as G. L. c. 231, § 131.   This court is left at liberty to decide whether in circumstances within the purview of the statute an entry of judgment should be directed, but the trial court shall enter the judgment if so directed. In *Archer* v. *Eldredge*, 204 Mass. 323, 327, one of the earliest cases to refer to the statute, it is stated: "The power conferred by this statute will ordinarily be exercised only when it is apparent that the real issues have been fully tried, or the merits of the case are plain."   The court there sustained exceptions to an erroneous refusal to direct a verdict, but refused to direct judgment under St. 1909, c. 236, because the case had not been tried along lines which the opinion indicated might have produced a different result. Such refusal indicates the opinion of the court that no further proceedings in the trial court pursuant to its intimations would have been possible had judgment been directed in the rescript.  An even stronger indication appears in *Grebenstein* v. *Stone & Webster Engineering Corp.* 205

Mass. 431. There, the court, in the opinion, stated a possible situation which would permit a recovery by the plaintiff but which did not appear in the pleadings or the evidence; and stated, further, that the plaintiff ought not to be allowed to retry the issue of the defendant's liability at common law. The court sustained the defendant's exception to the refusal to direct a verdict in its favor; and, in the rescript, directed judgment for the defendant (under St. 1909, c. 236) "unless the Superior Court shall, within thirty days from the filing of the rescript in that court, and upon such terms as it may prescribe, allow the plaintiff to amend his declaration as already stated." This court did not then possess the power later given by St. 1913, c. 716, with reference to amendment. It is incredible that such a provision should be made in the rescript, if the Superior Court after rescript ordering judgment still had jurisdiction to permit amendments. This court had exercised the power to order judgment in *Robinson* v. *Sylvester Tower Co.* 204 Mass. 191, *Connors* v. *Cunard Steamship Co. Ltd.* 204 Mass. 310, *Kiely* v. *Corbett*, 205 Mass. 158, and *Cote* v. *D. W. Pingree Co.* 205 Mass. 286; and had refused to exercise it in *Archer* v. *Eldredge*, 204 Mass. 323, in *Martin* v. *Stewart*, 204 Mass. 122, and in *Newhall* v. *Enterprise Mining Co.* 205 Mass. 585, cases not clearly within the statute. In *Bothwell* v. *Boston Elevated Railway*, 215 Mass. 467, the statute was attacked upon the ground that it was unconstitutional in depriving a party of his right to trial by jury. The statute was upheld. The opinion discusses at length the purpose and scope of the statute but does not, however, take up the question here raised with regard to the power left in the trial court. Had it been thought that the Superior Court still had power to do anything except enter the judgment ordered, that aspect would undoubtedly have been dealt with in connection with the right to jury trial. In *Wood* v. *Fairbanks*, 244 Mass. 10, 14, this court after sustaining the defendant's exceptions refused his request that judgment be given in his favor, saying: "The plaintiff may desire to amend by adding a second count declaring on a contract of indemnity, and he should not be deprived of

this privilege." Again, the language of the court is inexplicable, if this court thought power existed in the trial court to permit amendment after rescript from the court directing that judgment be entered. That the entry of judgment in the trial court after a rescript directing the entry is merely a clerical matter appears from the language in *Cheney* v. *Boston & Maine Railroad,* 246 Mass. 502, 505: "The rescript containing the simple mandate that the exceptions were sustained did not put the record of the case in such condition that the entry of judgment became a clerical matter. The rescript did not contain a further direction respecting the entry of judgment, as was jurisdictionally possible under St. 1909, c. 236 . . . ."

A different question with regard to the power of the trial court is presented when the case is before this court upon a report from the trial judge containing a stipulation of the parties or an order of the judge concerning the final disposition of the case, *Crocker* v. *Baltimore Dairy Lunch Co.* 214 Mass. 177, *Langley* v. *Boston Elevated Railway,* 223 Mass. 492, *Park & Pollard Co.* v. *Agricultural Ins. Co.* 238 Mass. 187, or upon agreed facts, *New York Central & Hudson River Railroad* v. *Frederick Leyland & Co. Ltd.* 222 Mass. 444; so with certain orders for a decree in a cause in equity. *Day* v. *Mills,* 213 Mass. 585, is not in point here.

It follows that the judge was right in his ruling. We cite in further support of our opinion only a few from the multitude of cases in which the statute has been acted upon or referred to. *Burke* v. *Hodge,* 211 Mass. 156, 163, 164. *Cerchione* v. *Hunnewell,* 215 Mass. 588. *Martin* v. *Boston Elevated Railway,* 216 Mass. 361, (with which compare *Flanagan* v. *Boston Elevated Railway,* 216 Mass. 337). *Smith* v. *Hyde Park,* 219 Mass. 168. *Gascievicz* v. *Boston Elevated Railway,* 222 Mass. 266. *Bishop* v. *Pastorelli,* 240 Mass. 104. *Muse* v. *DeVito,* 243 Mass. 384. *Vallavanti* v. *Armour & Co.* 264 Mass. 337. We find none which intimates that the power in the trial court contended for by the plaintiffs exists. In each case the entry must be

*Interlocutory order denying the motion
to amend affirmed.*