ALEXANDER GLENNIE *vs.* ALFRED SEARS CO.

Suffolk.    March 7, 1933. — July 19, 1933.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Contract,* Construction, Performance and breach.

A corporation and a salesman made a contract whereby the corporation was to fill all orders obtained by the salesman, who was to collect all bills and to assume all bad debts; the gross profits were to be divided

between the parties; and a portion of the salesman's share of the profits was to be retained by the corporation to secure it for "debts which were uncollectible or which were past due." In an action by the salesman against the corporation, after the termination of the parties' relations under the contract, to recover a sum retained by the defendant as security, the defendant filed a declaration in set-off, alleging that the bad debts of the plaintiff's customers exceeded the amount retained by the defendant. It appeared that the debts due from the customers did exceed the sum retained, although the plaintiff testified that some of the debts were bad and some were "collectible." There was no evidence that the defendant failed to take reasonable measures to collect the debts. The trial judge denied motions by the defendant that verdicts be ordered in its favor upon the plaintiff's declaration and the declaration in set-off; and there was a verdict for the plaintiff upon each. *Held*, that the verdicts were not warranted and that the defendant's exceptions must be sustained, although, on the particular record before this court, judgment ought not to be ordered for the defendant under G. L. (Ter. Ed.) c. 231, §§ 122, 123.

CONTRACT. Writ dated January 8, 1931.

The pleadings are described in the opinion. The contract between the parties provided that the plaintiff was to collect "all bills except C.O.Ds." Other material evidence at the trial in the Superior Court before *Dillon*, J., is described in the opinion. There was a verdict for the plaintiff in the sum of $926.68, and a verdict for the plaintiff upon the defendant's declaration in set-off. The defendant alleged exceptions.

*G. L. Rabinowitz*, for the defendant.

*B. Ginsburg*, (*S. J. Ginsburg* with him,) for the plaintiff.

LUMMUS, J. The plaintiff, on October 1, 1926, entered into a written contract with the defendant by which the defendant agreed to fill orders obtained by the plaintiff, the gross profits of the sales to be divided, fifty-five per cent to the plaintiff and forty-five per cent to the defendant, the plaintiff to assume all bad debts. In lieu of a provision in the contract requiring a bond of $5,000 as security for payment to the defendant for all goods delivered to the plaintiff's customers, it was orally agreed that twenty-five per cent of the plaintiff's share of the profits should be retained by the defendant as security for such payment. The relations of the parties under the

contract ceased about August 1, 1928, and on January 8, 1931, this action of contract was brought to recover $2,082.25 alleged to have been retained by the defendant as such security, with interest, the plaintiff alleging that all the debts from customers had been collected. The defendant answered, denying generally and setting up payment, and also filed a declaration in set-off, alleging that the bad debts exceeded the amount retained by $632.60. Subject to exceptions of the defendant, the trial judge refused to direct a verdict in its favor upon the plaintiff's declaration or upon its own declaration in set-off. The jury returned a verdict for the plaintiff upon his declaration in the sum of $926.68, and a verdict for the plaintiff upon the defendant's declaration in set-off.

The only question is whether there was evidence to support the verdicts. The only evidence of the amount retained by the defendant as security is its admission that it retained $2,021.71. The debts due at the time of the trial from the plaintiff's customers to the defendant, after the lapse of some years, amounted to considerably more than that sum, even according to the "contentions" of the plaintiff. He endeavors to divide those debts into "bad" and "collectible" debts, and to deprive the defendant of the benefit of the fund as security for the debts that he considers "collectible." But it is clear that the bond required by the written contract was to stand as security for payment to the defendant for "all goods sold" by the plaintiff, and the substituted fund, according to the evidence, was to secure the defendant for "debts which were uncollectible or which were past due." There was no evidence that the defendant failed to take reasonable measures to collect the debts. We find no evidence to support the verdicts. Upon the obscure bill of exceptions, however, we think it better not to order judgment under G. L. (Ter. Ed.) c. 231, §§ 122, 123 (*Libby* v. *New York, New Haven & Hartford Railroad,* 277 Mass. 1, 5; *Vallavanti* v. *Armour & Co.* 264 Mass. 337, 341), but to let the entry be

*Exceptions sustained.*